ST. LOUIS POSTER ADVERTISING COMPANY *v.* CITY OF ST. LOUIS ET AL.

ERROR TO THE SUPREME COURT OF THE STATE OF MISSOURI.

ST. LOUIS POSTER ADVERTISING COMPANY *v.* CITY OF ST. LOUIS ET AL.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF MISSOURI.

Nos. 220 and 2.   Argued March 12, 13, 1919.—Decided March 24, 1919.

A city ordinance allowing no billboard of 25 square feet or more to be put up without a permit, and none to extend more than 14 feet high above ground; requiring an open space of 4 feet between the lower edge and the ground; forbidding an approach of nearer than 6 feet to any building or to the side of any lot than 2 feet to any other

billboard or 15 feet to the street; requiring conformity to the building line; limiting billboards in area to 500 square feet; and exacting a permit-fee of one dollar for every 5 lineal feet; *held* within the police power. P. 274. *Cusack Co.* v. *Chicago,* 242 U. S. 526.

Making billboards safe against wind and fire may not exempt them from the power of restriction or prohibition. *Id.*

Such regulations may not improperly include incidental and relatively trifling requirements founded in part at least on æsthetic reasons, such as a requirement of conformity to a building line. *Id.*

A high tax imposed by a city on billboards for the purpose of discouraging them is not objectionable under the Constitution. *Id.*

It is not an answer to an ordinance regulating the size, etc., of billboards, that they are on land leased or belonging to their owner, or that their owner has contracted ahead to maintain advertisements upon them, or that the size of board allowed is too small for standard posters and that these cannot be changed without affecting the business disastrously. *Id.*

195 S. W. Rep. 717, affirmed.

THE cases are stated in the opinion.

*Mr. Marion C. Early,* for plaintiff in error and appellant, contended that this case differed, *toto cœlo,* from the *Gunning Case,* 235 Missouri, 99, upon which great reliance was placed by the city. In that case, though involving the same ordinances, the cornerstone of the decision was the finding that the billboards there under consideration were dangerous to public safety and injurious to public health and morals, and, because of that finding, the regulations were upheld as proper exercise of the police power. In this case, *per contra,* the allegations of the bill, framed with elaboration for the very purpose of avoiding that decision, and confessed by the demurrer, did away with the possibility of any such finding, showing conclusively that the billboards here in question are not dangerous to health, safety or morals, on any theory. Also, the case of *Cusack Co.* v. *Chicago,* 242 U. S. 526, while laying stress upon the presumptions in favor of local action, concedes expressly the duty of this court to interfere when

that action, plainly and palpably, "has no real or substantial relation to the public health, safety, morals, or to the general welfare." *Mugler* v. *Kansas*, 123 U. S. 661; *Minnesota* v. *Barber*, 136 U. S. 313; *People* v. *Weiner*, 271 Illinois, 74; *Lawton* v. *Steele*, 152 U. S. 133.  Surely the presumption cannot be made conclusive without destroying all protection under the Fourteenth Amendment against local legislation asserting itself to be an exercise of the police power.  This court has declared itself in duty bound to investigate whether the facts justifying such exercise actually exist.

There is nothing to justify the requirement that boards shall be 15 feet from the street line.  This could only have relation to the danger of their being blown down, which is absent in this case.  So of the regulation as to height; it has no possible relation to health or morals, but only to safety, and that danger is here eliminated.  The fact that such boards in some cases may be carelessly constructed will not warrant their absolute prohibition, but only regulations to insure their safety.  *Passaic* v. *Patterson Bill Posting Co.*, 72 N. J. L. 285; *State* v. *Lamb*, 98 Atl. Rep. 459; *State* v. *Whitlock*, 149 N. Car. 542; *Crawford* v. *Topeka*, 51 Kansas, 756; *People* v. *Weiner*, 271 Illinois, 74; *Chicago* v. *Gunning System*, 214 Illinois, 628.

The restrictions as to nearness of approach to buildings and the space between billboards can only be referred to danger from fire—not present here; and, as regards the public health and morality, these boards are so constructed and maintained as not to constitute a nuisance in law or in fact.

The regulations requiring conformity to the building line can rest only on æsthetic considerations, and they do not warrant exercise of the police power.  *St. Louis Gunning Co.* v. *St. Louis*, 235 Missouri, 99; *Lawton* v. *Steele*, 152 U. S. 133; *Fisher* v. *Woods*, 187 N. Y. 90; *Austin* v. *Murray*, 16 Pick. 126; *People* v. *Murphy*, 195 N. Y. 126.

The cost of building-permits, in the case of billboards, is several hundred times what is required for other structures. This discrimination, apparent on the face of the ordinance, must be condemned as unconstitutional. The whole ordinance, so far as it deals with billboards, is based on no public policy, but on hostility to a legitimate business. *St. Louis Gunning Co.* v. *St. Louis*, 235 Missouri, (dissent) 208; *State* v. *Layton*, 160 Missouri, 474.

Counsel cited and analyzed the following cases, in which billboard regulations were held void. *Haller Sign Works* v. *Training School*, 249 Illinois, 436; *Commonwealth* v. *Boston Advertising Co.*, 188 Massachusetts, 438; *People* v. *Green*, 85 App. Div. 400; *Varney* v. *Williams*, 155 California, 318; *Bryant* v. *Chester*, 212 Pa. St. 259; *Chicago* v. *Gunning System*, 214 Illinois, 628; *Curran Bill Posting Co.* v. *Denver*, 47 Colorado, 221; *Crawford* v. *Topeka*, 51 Kansas, 756; *Passaic* v. *Patterson Bill Posting Co.*, 72 N. J. L. 285; *State* v. *Whitlock*, 149 N. Car. 542.

*Mr. Everett Paul Griffin*, with whom *Mr. Charles H. Daues* was on the brief, for defendants in error and appellees.

MR. JUSTICE HOLMES delivered the opinion of the court.

The first mentioned of these cases was brought by the plaintiff in error in a State Court of Missouri to prevent the City of St. Louis and its officials from enforcing an ordinance regulating the erection of billboards, on the ground that the ordinance is contrary to the Fourteenth Amendment in various respects. The suit was begun on March 21, 1914, and on May 22, 1917, a judgment of that Court dismissing it upon demurrer was affirmed by the Supreme Court of the State. 195 S. W. Rep. 717.

The other case was begun a little earlier, on January 30, 1914, in the District Court of the United States, by a bill in equity substantially to the same effect as in the state case. The bill was dismissed upon motion on February 19, 1914. The two cases appear to have proceeded to a conclusion without any reference to each other, but as they involve the same parties and the same questions they have been argued as one case here.

The ordinance complained of is number 22,022, passed on April 7, 1905. It allows no billboard of twenty-five square feet or more to be put up without a permit and none to extend more than fourteen feet high above the ground. It requires an open space of four feet to be left between the lower edge and the ground, forbids an approach of nearer than six feet to any building or to the side of the lot, or nearer than two feet to any other billboard, or than fifteen feet to the street line, and with qualifications requires conformity to the building line. No billboard is to exceed five hundred square feet in area. The fee for a permit is one dollar for every five lineal feet. The bill states that the size of posters has been standardized and cannot be changed without great expense and that the limits in size fixed for the boards are too small for such posters and will affect the plaintiff's business disastrously. The billboards are all upon private ground owned by or let to the plaintiff. They are built to withstand a windstorm of eighty-three miles an hour, a greater velocity than any known in St. Louis, and the frames and facing are of galvanized iron so as to exclude all danger of fire. The plaintiff has contracts running from six months to three years binding it to maintain advertisements upon its boards. The defendants are proposing to tear down these boards unless the plaintiff complies with the ordinance. This is a greatly abbreviated statement of the case but is sufficient, we believe, to present the questions that we have to decide.

Of course, the several restrictions that have been men-
tioned are said to be unreasonable and unconstitutional
limitations of the liberty of the individual and of rights
of property in land. But the argument comes too late.
This Court has recognized the correctness of the decision
in *St. Louis Gunning Advertising Co.* v. *St. Louis*, 235
Missouri, 99, followed in this case, that billboards properly
may be put in a class by themselves and prohibited "in
residence districts of a city in the interest of the safety,
morality, health and decency of the community." *Cusack
Co.* v. *Chicago*, 242 U. S. 526, 529, 530. It is true that ac-
cording to the bill the plaintiff has done away with dangers
from fire and wind, but apart from the question whether
those dangers do not remain sufficient to justify the general
rule, they are or may be the least of the objections ad-
verted to in the cases. 235 Missouri, 99. *Kansas City
Gunning Advertising Co.* v. *Kansas City*, 240 Missouri,
659, 671. Possibly one or two details, especially the re-
quirement of conformity to the building line, have æsthetic
considerations in view more obviously than anything
else. But as the main burdens imposed stand on other
ground, we should not be prepared to deny the validity
of relatively trifling requirements that did not look solely
to the satisfaction of rudimentary wants that alone we
generally recognize as necessary. *Hubbard* v. *Taunton*, 140
Massachusetts, 467, 468.

If the city desired to discourage billboards by a high
tax we know of nothing to hinder, even apart from the
right to prohibit them altogether asserted in the *Cusack
Co. Case. Citizens' Telephone Co.* v. *Fuller*, 229 U. S.
322, 329. As to the plaintiff's contracts, so far as appears
they were made after the ordinance was passed, but if
made before it they were subject to legislation not in-
valid otherwise than for its incidental effect upon them.
*Atlantic Coast Line R. R. Co.* v. *Goldsboro*, 232 U. S. 548,
558. The same thing may be said, apart from other an-

swers, with regard to the alleged standardizing of the size of posters. In view of our recent decision we think further argument unnecessary to show that the ordinance must be upheld.

*Judgment in No. 220 and decree in No. 2 affirmed.*