SEIZ *v.* CITY OF HOT SPRINGS.

Crim. 4056

Opinion delivered October 4, 1937.

*Jay M. Rowland*, for appellant.

*A. T. Davies*, for appellee.

McHANEY, J. Appellant is engaged in the advertising business, including billboards and other outdoor advertising, in the city of Hot Springs, a city of the first class. In May, 1936, he began the construction of two large signboards or poster panels on Malvern Avenue, and before their completion, he was arrested, charged with a violation of the building code and fire ordinances of the city and in failing to secure a permit therefor. He was convicted in the municipal court and fined $5. On appeal to the circuit court, he was again convicted and fined the same amount, and has appealed to this court.

The facts are principally stipulated as follows: that the signboards complained of are within the first fire zone of the city; that the ordinances require the outside walls of all buildings erected in the first fire zone to be constructed of stone, brick or iron wholly; that appellant made application to the building committee for a permit to erect the signboards in question, which was refused; that he thereafter proceeded to erect the signboards without a permit; and that they are constructed wholly of wood with a steel sheeting front. Ordinance 908 of the city, authorizes the building committee "to refuse to issue a permit for the building of any house or structure deemed to be unsafe, unsanitary, obnoxious or detrimental to the public welfare." Section 2 makes it an offense, punishable by a fine of not less than $5 nor more than $50, to erect "any house or structure * * * after the Building Committee has refused to issue a permit for the building of such house or structure."

For a reversal of the judgment against him, appellant says there is no ordinance of the city requiring him to obtain a permit to build a sign or billboard; and that a signboard does not come within the terms of the ordinance with reference to the first fire zone, providing that the outside walls of buildings constructed therein should be of stone, brick or iron. In other words, that that ordinance mentions only buildings, and that a signboard is not a building. Counsel for appellant concedes, however, that the whole question in the case is to be determined by the validity or effect of ordinance 908, mentioned above. That ordinance was passed pursuant to the authority contained in § 7754, Crawford & Moses' Digest, which provides: "They shall have the power to regulate the building of houses, and to provide that no house or structure shall be erected within the city limits except upon a permit to be issued by such officer or officers as the city council shall designate, and to provide that no permit shall be issued for the building of any house or structure deemed to be unsafe, unsanitary, obnoxious, or detrimental to the public welfare."

It is contended that the ordinance is invalid because it vests the building committee with too much discretion in the regulation of legitimate business. It is argued that, under it, the building committee can say appellant's signboards are unsafe, unsanitary, obnoxious or detrimental to the public welfare, while those of competitors are proper, although of the same construction and located on the same lot. We cannot agree. The ordinance is couched in the same general terms as those used in the statute, but this fact does not render it invalid. We find nothing in the language of the ordinance to support the contention that it tends to give a monopoly to appellant's competitors. If the building committee should act arbitrarily and without right in denying appellant a permit, where, under the same conditions, it had granted a permit to his competitor, a different case would be before us. It is not shown when the other signs referred to were erected and whether with or without a permit. See

*Berkau* v. *City of Little Rock,* 174 Ark. 1145, 298 S. W. 514.

We are, also, of the opinion that a signboard, such as is involved in this case, is a "structure" within the meaning of said ordinance, and that the passage thereof was within the powers granted to cities of the first class by the statute above quoted.

The judgment must be affirmed. It is so ordered.