## CINCINNATI (city) v MORTON

Ohio Appeals, 1st Dist, Hamilton Co

Decided Feb 14, 1938

John D. Ellis, Cincinnati, and Henry M. Bruestle, Cincinnati, for appellee.

Peck, Shaffer & Williams, Cincinnati, for appellant.

## OPINION

By HAMILTON, J.

The City of Cincinnati, appellee here, brought suit against the defendant, appellant here, for money claimed to be due the city from Morton, assessed under an ordinance of the city of Cincinnati for the inspection of billboards in the sum of $4925.60.

The defense was, as pleaded in the answer, that "the inspection fees provided for in said ordinance are unreasonable, grossly excessive and confiscatory and have no relation to nor are they based upon the cost of inspecting said signs, but is in fact a tax laid upon defendant's right to carry on a lawful business in said city and is in fact an attempt by said city to raise revenue; that because of said unreasonable and exorbitant fees, said section of said code under which said city claims authority is in violation of the laws and Constitution of the state of Ohio and of the United States."

At the trial, a jury was waived, and, by agreement of the parties, the matter was referred to a master commissioner to take testimony and make findings of fact and state his conclusions of law. The master commissioner made his report and h's findings of fact and conclusions of law, which were approved by the trial court, and judgment was entered in favor of the city of Cincinnati for the full amount prayed for.

The ordinance under consideration is §345b, the pertinent part of which is as follows:

"Sec 345-b. The Commissioner of Buildings shall inspect annually each signboard, billboard or other structure used for advertising purposes, with an area exceeding sixteen (16) square feet for the purpose of ascertaining whether same to be secure or insecure, and is in need of removal or repair; and to meet the expense of such inspection, every person, firm, corporation or association, owning, maintaining or in charge of any such signboard, billboard, or other structure used for advertising purposes, shall pay to the treasurer of the city an inspection fee for each signboard, billboard or other structure within the city. Said fee shall in each case be equal to the sum of two (2) cents multiplied by the number of square feet of area of such signboard, billboard or other structure, but in no event shall be less than one ($1.00) dollar."

Evidence was introduced, largely confined to the reasonableness of the charges provided for in the ordinance.

From the evidence adduced, it is difficult to arrive at an accurate conclusion as to the cost of the inspection and the operation of the city under the ordinance.

That such an ordinance is valid was decided by this court in the case of City of Cincinnati v Criterion Advertising Co., 32 Oh Ap 472, wherein it was held that such fees may properly be charged by the city in exercising proper police regulations, provided such fees are not unreasonable. See also: Prudential Co-Operative Realty Co v City of Youngstown, 118 Oh St 204.

So that the question presented in this case is, were the charges made against Morton under the ordinance which covered inspection for the years 1927, 1928, and 1929, unreasonable and confiscatory.

The evidence introduced by defendant tended to show that the cost of inspection of his billboards would be much less than the charge of 2c per square foot, as provided in the ordinance.

The evidence disclosed that Morton had in excess of 900 billboards in the city of Cincinnati. His claim is that the city only inspected about one-third of the billboards part of the years for which charges were made, and one of the years inspected less than that.

The city bases its suit upon the charge of inspection of the billboards actually inspected under the ordinance and charged for at the rate provided for in the ordinance; that the billboards actually inspected at the rate named in the ordinance, together with the overhead charges including department accommodation, etc., constituted the amount sued for.

The defendant challenged the ordinance on the proposition that the amount was an excessive and unreasonable charge for the boards actually inspected.

The master commissioner in the trial court and this court are put in a position of endeavoring to ascertain whether the ordinance is unreasonable in the nature of a quantum meruit or per diem case. The burden is on the defendant Morton to

show the charges to be grossly unreasonable.

The ordinance provides the commissioner of buildings shall inspect annually each signboard, billboard or other structure used for advertising purposes. Now were we to make a calculation of 2c per square foot for a billboard 10 feet square, we would have a charge of $2.00 per year, to see that the sign is properly maintained and secured. No one would say that charge was excessive.

The excessiveness seems to be involved because of the large and extensive business in which the appellant was engaged, in which he maintains over 900 billboards. If he maintained one-half dozen, there would be no claim of excessive charge on the basis provided for in the ordinance. The ordinance under its terms provides for the annual inspection. To maintain this service, it provides a charge to be assessed to meet the expense of inspection, a part of which expense is the cost of maintenance of the department. That the building commissioner may fail to make inspection of all billboards is █ beside the question. The assessment can be made and the fund created at the beginning of the year, in which the inspection is provided for. One inspection per year is all that is provided, and whether or not an inspection is actually made can not be made the basis for an attack upon the validity of the ordinance.

If we measure the reasonableness of the ordinance by the amount sued for, for the inspection during the years 1927, 1928, and 1929, we have this situation: The amount sued for by the city is $4925.60. Morton maintains over 900 billboards. The evidence discloses 937. Mathematical calculation shows this would make an average of $1.75 per year for the inspection of each of his billboards. The fact that the city did not make the inspection of all the billboards can not be considered as a point upon which the ordinance could be declared invalid. Neither can the fact that the city based its suit for recovery on the actual inspection be made the basis for a finding that the charges are so grossly unreasonable under the ordinance. The fact is, that the city has sued Morton for so much money, which upon mathematical calculation would indicate an inspection fee of $1.75 per billboard. That is all the city seeks, which is well within the limits permitted it to charge under the ordinance.

The defendant could not attack the validity of the ordinance successfully merely on an abstract calculation on the basis of the ordinance. He has not shown that under the ordinance the city has charged him an exorbitant and confiscatory fee for an inspection of his billboards.

We have made a few observations concerning the evidence to indicate that it would require an arbitrary decision to hold the ordinance invalid by reason of the charges fixed therein. Indeed, one member of this court is of opinion that the city being a charter home rule city, could go to the extent of levying a fee even in an amount that might be considered taxation. There is support for this opinion in the case of St. Louis Advertising Co. v St. Louis, 249 U. S., 269, where Justice Holmes stated:

"If the city desired to discourage billboards by a high tax, we know of nothing to hinder, even apart from the right to prohibit them altogether asserted in the Cusack Co. case."

However, this court decided in the Criterion Advertising Company case. supra, that if the fee is a tax, the ordinance could not stand, and this seems to be in line with the authorities in Ohio.

However, it is not necessary to decide the question as to the right to assess a tax, for the reason that under the facts of the case the appellant has not shown in this action that the inspection fee provided for in the ordinance is excessive, exorbitant, or confiscatory.

The report of the master commissioner meets with our approval, and its confirmation and judgment based thereon by the Common Pleas Court is affirmed.

ROSS, PJ and MATTHEWS, J, concur.