UNITED ADVERTISING CORPORATION, A CORPORATION OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. BOROUGH OF RARITAN, A MUNICIPAL CORPORATION OF NEW JERSEY, DEFENDANT-APPELLANT.

Argued November 17, 1952—Decided December 22, 1952.

Mr. *Mortimer Eisner* argued the cause for appellant (*Mr. Arthur J. Sullivan, Jr.,* on the brief).

Mr. *Raymond Del Tufo, Jr.,* argued the cause for respondent (*Messrs. Lum, Fairlie & Foster,* attorneys; *Mr. Vincent P. Biunno* on the brief).

*Mr. Albert S. Bard* filed a brief *amicus curiae* for the New Jersey Roadside Council.

The opinion of the court was delivered by

WILLIAM J. BRENNAN, JR., J. The Billboard Act of 1930, imposing annual license and permit fees upon those in the business of outdoor advertising who locate and maintain billboards and other structures for outdoor advertising, was revised and supplanted by the Billboard Act of 1942, but, while carrying forward many of the provisions of the former law, expanding upon some and adding new matter, the 1942 law does not include a clause from section 8 of the former act providing "nor shall any such permit be issued to erect or maintain any such billboard or other structure in a place where the same is or shall be prohibited by any municipal ordinance." *L.* 1930, *c.* 41, *p.* 220.

In August 1951 the Borough of Raritan adopted a zoning ordinance containing provisions prohibiting any sign in any of the nine zoning districts established by the ordinance which directs attention to a business, commodity, service or entertainment conducted, sold or offered elsewhere than upon the premises, and another provision which requires the removal of nonconforming signs within two years from the effective date of the ordinance unless continued use of individual signs for additional periods is authorized by the local board of adjustment.

Plaintiff, licensed by the Director of the Division of Taxation in the New Jersey Department of Taxation and Finance under the 1942 act, *R. S.* 54:40–20, and the holder of permits from the Director, *R. S.* 54:40–22, for two signs in existence when the zoning ordinance was adopted, one located in the Business B–2 District and the other in the Industrial M–1 District created by the ordinance, filed the instant proceeding in lieu of prerogative writ and obtained the summary judgment which is the subject of this appeal by the borough to the Appellate Division, certified here of our own motion,

declaring such provisions of the zoning ordinance to be invalid and void upon the ground, stated in the trial court's opinion, that from the action of the Legislature in omitting from the 1942 law the quoted clause from section 8 of the 1930 law, it must be held "that the repealing statute abolished the right of a municipality to legislate on the subject of billboards." 17 *N. J. Super.* 416, 418 (*Law Div.* 1952).

██ We do not agree that such significance is to be attached to the omission of the clause from the 1942 act. The purpose of the clause in the 1930 law was obviously to make clear the legislative intent that the municipal power to control by zoning ordinance the location of billboards as structures, conferred by the Zoning Act of 1928, *L.* 1928, *c.* 274, *p.* 696, which followed the 1927 zoning amendment to the 1844 Constitution, *Art. IV, Sec. VI, par.* 5, was not to be considered withdrawn or in anywise curtailed by the 1930 law. But this was wholly precautionary. Without the clause the 1930 act was not to be construed as having the effect of superseding municipal power in the field. The exercise of the municipal zoning power to control the location of billboards within the community would not prevent or interfere with the realization of the objectives which the 1930 law was purposed to attain. The same is true of the 1942 statute. Each imposes annual fees "in lieu of all other taxes, license fees or excises for outdoor advertising," for licenses entitling the holder to carry on the business of outdoor advertising, and for permits for each "billboard, building, structure or other object for the display of outdoor advertising." *R. S.* 54:40–20 *et seq.* The excess of moneys over the costs of administration is proportionately distributable under each statute "to and among the municipalities in which billboards, buildings, structures or other objects used for outdoor advertising purposes and for which permits have been granted are located." *R. S.* 54:40–41.

Each statute also contains regulatory provisions governing the grants by the State of permits to locate billboards. Those in the 1930 law forbade the location of a billboard within 500

feet of a highway intersection or railroad crossing where obstruction of or interference with the view of a vehicle or train might result, prohibited location of a billboard upon a public highway, park or other public property without the prior permission of the public body having control thereover, and enjoined against the issuance of a permit for a location which in the judgment of the state authority would be injurious to property in the vicinity, or injuriously affect any public interest. The 1942 statute incorporates the substance of these restrictions, sets a limit upon the size of billboards and adds more prohibitions: against the simulation of an official sign by an advertising sign, against location where the view of an existing sign would be obstructed, or where, in proximity with existing signs, there would be constituted a traffic hazard on an adjacent highway or where the public health, safety or morals would be endangered. *R. S.* 54:40–27 to 31, 34.

Plainly the regulatory provisions of both laws "were obviously intended to supplement, not supplant, the powers of a municipality to deal with the problem of" billboards. *Cf. Fred v. Mayor and Council of the Borough of Old Tappan,* 10 *N. J.* 515 (1952); *Zullo v. Board of Health, Woodbridge Township,* 9 *N. J.* 431, 436–437 (1952); *Chaiet v. East Orange,* 136 *N. J. L.* 375 (*Sup. Ct.* 1948). They are wholly negative restrictions which with complete consistency are made fully applicable as regulations governing the location of outdoor advertising billboards and other structures where no municipal prohibition against such location prevents. Thus, as there is no express statement in the 1942 law that the municipal zoning power shall be abrogated as to billboards, and an intent that the law be given that effect not appearing by necessary or unmistakable implication admitting of no other reasonable explanation, 50 *Am. Jur., Statutes, sec.* 340, indeed the contrary implication more reasonably appearing, it follows that the omission from the 1942 statute of the essentially surplus clause in the 1930 act is no support for the conclusion reached by the trial judge.

Too, it must be remembered that the borough's zoning ordinance was passed after the amendments of the Zoning Act by *L*. 1948, *c*. 305, *p*. 1221, made to conform the statute to the Zoning Article of the 1947 Constitution, *Art*. IV, *Sec*. VI, *par*. 2, and that in determining the scope of the zoning power under the 1948 amendments we are enjoined to apply the mandate of *Art*. IV, *Sec*. VII, *par*. 11 of the 1947 Constitution that laws concerning municipalities shall be liberally construed in their favor. The broad powers continued in the 1948 act are not to be deemed abridged by other laws in the absence of most cogent evidence of legislative intent to abridge them.

Plaintiff's complaint, however, alleges another ground, not passed upon below, which it urges to support its contention that the prohibitory provisions of the ordinance are invalid. The ordinance, while excluding advertising signs in all districts, permits signs directing attention to businesses on the premises. This distinction, it is argued, constitutes unlawful discrimination. We see no merit in the point.

██ The business sign is in actuality a part of the business itself, just as the structure housing the business is a part of it, and the authority to conduct the business in a district carries with it the right to maintain a business sign on the premises subject to reasonable regulations in that regard as in the case of this ordinance. Plaintiff's placements of its advertising signs, on the other hand, are made pursuant to the conduct of the business of outdoor advertising itself, and in effect what the ordinance provides is that this business shall not to that extent be allowed in the borough. It has long been settled that the unique nature of outdoor advertising and the nuisances fostered by billboards and similar outdoor structures located by persons in the business of outdoor advertising, justify the separate classification of such structures for the purposes of governmental regulation and restriction. *Thomas Cusack Co. v. City of Chicago*, 242 *U. S.* 526, 37 *S. Ct.* 190, 61 *L. Ed.* 472 (1917); *St. Louis Poster Adv. Co. v. City of St. Louis*, 249 *U. S.* 269, 39 *S*.

Ct. 274, 63 L. Ed. 599 (1919); *Packer Corp. v. Utah,* 285 U. S. 105, 52 S. Ct. 273, 76 L. Ed. 643 (1932). See also *Murphy, Inc., v. Town of Westport,* 131 Conn. 292, 40 A. 2d 177, 156 A. L. R. 568 (*Sup. Ct. Err.* 1944); *General Outdoor Adv. Co., Inc., v. Department of Public Works,* 289 Mass. 189, 193 N. E. 799 (*Sup. Jud. Ct.* 1935), appeals dismissed *General Outdoor Advertising Co. v. Hoar,* 296 U. S. 543, 56 S. Ct. 95, 80 L. Ed. 385 (1935), 2d., 297 U. S. 725, 56 S. Ct. 495, 80 L. Ed. 1008 (1936).

██ And as such separate classification offends no constitutional provision, there also exists no invidious discrimination in the provisions of the ordinance barring plaintiff's signs in the business and industrial zones while allowing therein manufacturing plants, junk yards, coal and coke yards and other uses suggested by plaintiff as also having undesirable attributes. It is enough that outdoor advertising has characteristic features which have long been deemed sufficient to sustain regulations or prohibitions peculiarly applicable to it.

Nor is there anything in the ordinance to support plaintiff's argument that the distinction made by the ordinance is designed "to protect local business and to put plaintiff out of business." To the contrary, the scheme of the ordinance makes it very evident that the municipality has strictly regulated all signs to confine their use to the reasonable requirements of signs incident to and part of businesses authorized on the premises. It forbids any sign whatever with an area in excess of three square feet except as a zoning permit is obtained for its use. No sign of any sort may be placed, inscribed or supported upon the roof or upon any structure which extends above the roof of any building. In residence districts, except for temporary "for rent" and "for sale" signs on property, only a professional person may have a business sign and it must be non-illuminated and not exceed three square feet in area. In the two business districts and in the Industrial M–1 District a business may have a sign only if it is either non-illuminated and not more than 20

square feet in area and in no case exceeding the aggregate of 10% of the wall surface, including window and door area on which it is displayed, or is a non-flashing sign not exceeding ten square feet in area and not exceeding in the aggregate 5% of the wall surface. Flashing signs are prohibited in the Industrial M–2 Districts, and business signs may not exceed more than 40 square feet in area and cannot be erected less than 200 feet from a street or highway or a residence district. Plainly, the municipal purpose is directed toward minimizing the abuses and hazards incident to the use of signs and to confine their use within the reasonable requirements of businesses permitted to be conducted at the places of their location.

Plaintiff urges further that there is an unconstitutional abridgement of the guaranties of freedom of speech and freedom of the press in a distinction which permits a business man to use a sign to advertise his business upon the premises, although "he may not use that same sign to urge the public to purchase an automobile or a particular brand of ice cream or any other lawful article of commerce, at a store he owns across the street." The short answer to this is that these guaranties impose no such restraint upon governmental regulation of purely commercial advertising. Cf. *Valentine v. Chrestensen*, 316 U. S. 52, 62 S. Ct. 920, 86 L. Ed. 1262 (1942).

There is, however, substantial merit in plaintiff's challenge to the validity of the provision of the ordinance requiring the removal of nonconforming signs within two years of the effective date of the ordinance unless permission to continue individual signs for further periods is first obtained from the local board of adjustment. This section of the ordinance is plainly contrary to the express provision of the zoning statute, R. S. 40:55–48, that "any nonconforming use or structure existing at the time of the passage of an ordinance may be continued upon the lot or in the building so occupied and any such structure may be restored or repaired in the event of partial destruction thereof." It is

beyond the power of a municipality to limit by zoning ordinance the right expressly given the owner by this statute indefinitely to continue a nonconforming use. The section is, however, clearly separable from the balance of the ordinance and may be declared invalid without affecting the other provisions of the ordinance.

The judgment of the Law Division is reversed, with direction to enter a new judgment consistent with this opinion.

*For reversal*—Chief Justice VANDERBILT, and Justices HEHER, BURLING, JACOBS and BRENNAN—5.

*For affirmance*—Justice OLIPHANT—1.