The Honorable Charles W. Stewart State Representative P.O. Box 1167 Fayetteville, Arkansas 72702-1167
Dear Representative Stewart:
This is in response to your request for an opinion concerning the administration of the seventy-one dollar state premium contribution made on behalf of local school district employees. Specifically, you have enclosed a letter from a constituent who is employed by a local school district and who questions the fact that this state contribution may not be taken by a local school employee and applied to the purchase of another health insurance plan rather than the program supplied through state law for school district employees.
The applicable law is A.C.A. §§ 6-17-1101—1116 (1987 and Cum. Supp. 1991). This law creates the Public School Employees Insurance Advisory Committee, ("PSEIAC") which is composed of nine members appointed by the Governor, including five classroom teachers, a school administrator, and three noncertified employees. The PSEIAC is given the authority to select an insurance carrier for life and "disability" insurance program. A.C.A. § 6-17-1108 (3). Specific requirements for this selection and for the taking of bids to select an insurer are set out in the subchapter. The Committee, in accordance with these statutes, and through the bid process, selected Blue Cross and Blue Shield as the insurer. The state pays a percentage of the cost of the premiums required for employee coverage. In your constituent's case, this percentage equals approximately seventy dollars. See
A.C.A. § 6-17-1110 (a). The balance of the premium is either paid by the employee or by the school district.
Your constituent, who is also a graduate student at the University of Arkansas, wishes to take this state contribution and apply it to the University's health insurance program, but relays that the state will not release the seventy dollars for any program other than Blue Cross. Your constituent also notes that the PSEIAC, which selected the Blue Cross program, is staffed with appointed and not elected officials.
The specific questions posed relative to these facts are as follows:
 1. Are the decisions made by this committee, given the fact that there is no public input in this committee, arbitrary, capricious, and discriminatory?
 2. If they discontinue my state health insurance contribution benefit simply because I switch to a different carrier, are they not violating my 14th Amendment Due Process Clause right?
 3. If this committee violates my 14th Amendment rights, does this not open both them and the State Department of Education up to legal action based on 42 U.S.C. Sec. 1983?
It is my opinion that the answer to your first question is "no." The mere assertion that there is no "public input in this committee" or that Committee members are appointed and not elected does not, without more, indicate that the decisions of the Committee are arbitrary, capricious, and discriminatory. It should be noted that all meetings and hearings of the Committee are open to the public (A.C.A. § 6-17-1105(c)), and the statutes provide for the opening of bids of insurance carriers in a public meeting. A.C.A. § 6-17-1109(c). Additionally, the question of whether actions of a governmental body are arbitrary and capricious is one of fact. Fayetteville Board of Adjustment v.Osage Oil, 258 Ark. 91, 522 S.W.2d 836 (1975). This office is not empowered as a fact finder.
It is my opinion that the answer to your second question is also "no." The "due process clause" of the United States Constitution provides that a state shall not "deprive any person of life, liberty, or property, without due process of law." In my opinion, the state's contribution toward the selected health insurance program, even if it does rise to the level of a protected property interest, is a property interest conditional upon participation in the insurance program selected according to the provisions of A.C.A. §§ 6-17-1101—1116. It is a contribution the state chooses to make on behalf of participants in the program. In my opinion, therefore, even if the teacher in question has a property interest in the insurance premium contribution, he has not been deprived of this interest by virtue of the fact that he may not use the contribution as he sees fit.
The answer to your third question is unnecessary in light of the conclusion above.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh