658 A.2d 291

STEVEN NICKELS, INDIVIDUALLY, AND ON BEHALF OF NICK-ELS MIDWAY PIER, A NEW JERSEY PARTNERSHIP, JOSEPH MACK, MACK'S ENTERPRISES, INC., A NEW JERSEY CORPO-RATION, AND JOE AND DUKE REALTY, INC., A NEW JER-SEY CORPORATION, PLAINTIFFS–RESPONDENTS, v. THE CITY OF WILDWOOD, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, AND MARINER'S LANDING, INC., A CORPORATION OF THE STATE OF NEW JERSEY, DEFEN-DANTS–APPELLANTS.

Argued January 30, 1995—Decided May 16, 1995.

*Stephen R. Nehmad* argued the cause for appellant Mariner's Landing, Inc., etc. (*Perskie & Nehmad,* attorneys; *Mr. Nehmad* and *Richard F. DeLucry,* on the briefs).

*Frank L. Corrado* argued the cause for appellant The City of Wildwood, etc. (*Barry, Corrado, Grassi & Radell,* attorneys).

*William M. Cox* argued the cause for respondents (*Marcus H. Karavan* and *Dolan & Dolan,* attorneys).

The opinion of the Court was delivered by

POLLOCK, J.

The issue is whether an amendment to a zoning ordinance of the City of Wildwood (Wildwood), which permits the expansion of existing beach-front amusement piers, authorizes the expansion of a non-conforming use, contrary to *N.J.S.A.* 40:55D–68 and 70d. The Law Division sustained the ordinance, and the Appellate Division reversed in an unpublished opinion. We granted the petitions for certification of appellants, Mariner's Landing, Inc. (Mariner's), 138 *N.J.* 262, 649 *A.*2d 1283 (1994), and Wildwood, 138 *N.J.* 262, 649 *A.*2d 1283 (1994), and now affirm.

–I–

The dispute concerns Mariner's plans to expand its amusement pier, which is located in Wildwood's C–3 resort-commercial zone. Section 407A.1 of the 1990 ordinance included as permitted uses in the C–3 zone "amusements, amusement games, amusement rides and amusement arcades." The definition does not include piers, which are often the site of amusement facilities. Nor does the ordinance list piers as a conditional use. Section 407A.1 indicates, however, that the "expansion, extension, improvement or renovation of existing amusement piers are subject to the requirements of N.J. State Division of Coastal Resources." The ordinance contains the customary provision that all uses not expressly permitted are prohibited.

In its preamble, section 407A.1 reflects the tension between Wildwood's policy of continuing an open view of the ocean from the boardwalk with the city's economic dependence on tourism:

> The City of Wildwood has, since its consolidation as a City of Wildwood in 1912, depended upon the resort community as its economic base. The raison d'etre for the city has been the beach and ocean vista. Therefore, it is the policy of the Planning Board and Governing Body of the City of Wildwood to ensure the continued unobstructed view from the boardwalk of the ocean and to ensure the continued use of the beach and ocean by bathers. To accomplish these purposes and to ensure the vitality of this natural resource, it is the policy of the Planning Board as reflected in the adopted Land Use Plan Element and effectuated by the Zoning Ordinance to prohibit development east of the boardwalk.

The C–3 zone includes a narrow strip of land running north and south, bounded on the east by the Atlantic Ocean and on the west by a line approximately one-half block from Beach Avenue, Wildwood's eastern-most thoroughfare. Wildwood's boardwalk, which bisects the zone, includes three amusement piers that extend eastward into the Atlantic Ocean.

In January 1990, Mariner's acquired the ocean-front lot immediately north of its pier. Intending to extend its pier to the east and north, Mariner's applied to the Wildwood Zoning Board of Adjustment (the Board of Adjustment) for two use variances. The Board of Adjustment granted both variances. The Law Division in October 1991 declared the variances invalid. The Appellate Division reversed and remanded to the Law Division. Thereafter, the Law Division entered an order that essentially preserved the rights of the parties pending the outcome of this appeal.

While the appeal of the use-variance case was pending, the Wildwood Planning Board (the Planning Board) determined in April 1992 that the expansion of existing amusement piers in the C–3 zone was consistent with the master plan. The Planning Board recommended that the Wildwood City Council amend the zoning ordinance to permit the expansion of existing piers, subject to certain bulk limitations and site-plan review. In a separate proceeding, the Board of Adjustment concluded in May 1992 that section 407A.1 permitted the expansion of existing amusement piers as permitted uses.

Following the Planning Board's recommendation, on November 16, 1992, the City Council adopted Ordinance 304–92, which is the subject of this appeal. Ordinance 304–92 added to section 407A.1 certain bulk limitations and a provision for mandatory site-plan review of pier expansions. In the preamble, the amendment continues to reflect Wildwood's potentially conflicting policies of maintaining an unobstructed view of the ocean from the boardwalk and of recognizing that "the availability of amusement piers provides significant benefits to the City of Wildwood in its development as a first-class resort community and tourist attraction...." The preamble also expresses Wildwood's awareness "that reasonable expansions of existing amusement piers are necessary in order to meet future expectations of tourists and keep abreast of developments in the amusement industry...." Notwithstanding its hospitable attitude toward amusement piers, the amendment does not declare them to be permitted or conditional uses. Reading between the lines of the ordinance, Wildwood apparently sought to permit the expansion of existing piers without expressly declaring them to be a permitted use.

Shortly after the City Council adopted the amendment, the Planning Board approved Mariner's site plan to extend its pier. In the interim, appellants filed the present action challenging the validity of the amendment. The Law Division entered an order declaring the amendment valid. On appeal, respondents have urged that the amendment, by unlawfully permitting the expansion of a non-conforming use, contravenes *Avalon Home & Land Owners Ass'n v. Borough of Avalon,* 111 *N.J.* 205, 543 *A.*2d 950 (1988). Relying on *Avalon,* the Appellate Division reversed the judgment of the Law Division, thereby invalidating the amendment to the zoning ordinance.

–II–

*Avalon* holds that a municipality may not by ordinance authorize the expansion of a non-conforming use. In *Avalon,* the municipality amended its zoning ordinance to permit the altera-

tion, repair, restoration, or replacement of deteriorating non-conforming properties, subject only to bulk requirements and site-plan approval. 111 *N.J.* at 206–08, 543 *A.*2d 950. Pursuant to the amendment, the owner of a fifty-room non-conforming hotel located in a single-family residential zone received municipal approval to demolish and rebuild the hotel. *Id.* at 208, 543 *A.*2d 950. We reasoned that non-conforming uses conflict with the goal of uniform zoning and should be brought into conformity as soon as practicable. *Id.* at 209–10, 543 *A.*2d 950. Consequently, we held that the amendment contravened *N.J.S.A.* 40:55D–68 and 70d. *Id.* at 211–12, 543 *A.*2d 950.

The analysis of non-conforming uses begins with *N.J.S.A.* 40:55D–68, which provides that "[a]ny nonconforming use or structure existing at the time of the passage of an ordinance may be continued ... and any such structure may be restored or repaired in the event of partial destruction thereof." Consistent with that statute, municipalities may not require a property owner to extinguish a non-conforming use. *Burbridge v. Township of Mine Hill,* 117 *N.J.* 376, 388, 568 *A.*2d 527 (1990); *United Advertising Corp. v. Raritan,* 11 *N.J.* 144, 152–53,. 93 *A.*2d 362 (1952). Absent partial destruction, however, a board of adjustment may authorize expansion of a non-conforming use only by granting a use variance pursuant to *N.J.S.A.* 40:55D–70d. Alternatively, the governing body may recognize the use either as a permitted use, *N.J.S.A.* 40:55D–65, or as a conditional use, *N.J.S.A.* 40:55D–67. *See Avalon, supra,* 111 *N.J.* at 212, 543 *A.*2d 950.

–III–

Here, the initial question is whether amusement piers are a non-conforming use in the C–3 zone. If so, Wildwood may not authorize their expansion by ordinance.

Although Wildwood's zoning ordinance recognizes amusement-related uses as permitted uses, the ordinance does not

include piers as a permitted or conditional use. Thus, under section 407A.1, both before and after the adoption of Ordinance 304–92, existing amusement piers are treated as non-conforming uses. By authorizing the expansion of existing piers without declaring them to be permitted uses, the ordinance contravenes our holding in *Avalon.* Consequently, the ordinance is invalid.

■ We recognize that Wildwood has a legitimate interest in promoting tourism, and that the expansion of Mariner's existing pier might advance that interest. Wildwood could achieve its purpose by amending its zoning ordinance to include piers as a permitted or conditional use. *Avalon, supra,* 111 *N.J.* at 212, 543 *A.*2d 950. Alternatively, Mariner's could renew its application to the Board of Adjustment for a use variance subject to the requirements of *N.J.S.A.* 40:55D–70d. We hold only that Wildwood has exceeded its zoning power by attempting to authorize the expansion of piers as a non-conforming use.

Throughout this opinion, we have described the piers, as have the parties, the local land use agencies, and the lower courts, as a "non-conforming use." A pier might also be described as a "structure." See *N.J.S.A.* 40:55D–70d(1) (using term "principal structure" when defining a use variance); *Commercial Realty & Resources Corp. v. First Atlantic Properties Co.,* 122 *N.J.* 546, 564, 585 *A.*2d 928 (1991) (discussing difference between prohibited uses and structures). Whether described as a "use" or a "structure," piers are not permitted in the C–3 zone. To expand them, Mariner's must satisfy the requirements for expansion of a "non-conforming use" within the meaning of *N.J.S.A.* 40:55D–70d(2).

The judgment of the Appellate Division is affirmed.

*For affirmance*—Chief Justice WILENTZ and Justices HANDLER, POLLOCK, O'HERN, GARIBALDI, STEIN and COLEMAN—7.

*Opposed*—None.