The Honorable Jay Bradford State Senator P.O. Box 8367 Pine Bluff, AR 71611
Dear Senator Bradford:
This is in response to your request for an opinion regarding a first class city's authority to regulate and control activities on property located outside city limits. You note the cities' extraterritorial zoning authority, and you ask the following specific questions:[1]
 Does a city of the first class that has exercised its extraterritorial zoning authority have the authority to designate a roadway outside its city limits (but within its extraterritorial jurisdiction) a "scenic roadway" and thereafter prohibit the erection of billboards which would otherwise be lawfully allowed?
You indicate that the billboard would "otherwise be lawfully allowed" based upon the particular zoning classification in the area.
Based upon the limited set of facts stated in your request, it is my opinion that the answer to this question is, generally, "yes," assuming that the "scenic roadway" designation is pursuant to a properly enacted zoning ordinance.[2]
The mere fact that the billboard would be allowed under the zoning classification in this hypothetical scenario is not, in my opinion, dispositive if the city has in fact properly designated the roadway as a "scenic roadway" pursuant to its zoning authority and intends for this designation to be controlling. This of course involves a factual question outside the ordinary scope of an Attorney General opinion. It has been stated as a general matter, however, that "[o]rdinances limiting the right to maintain billboards are not unreasonable as a matter of law."Donrey Communications v. City of Fayetteville, 280 Ark. 408,660 S.W.2d 900 (1983). The court in Donrey quoted the following language from a prior decision:
 The basic power of a municipality to regulate the size and location of billboards and other commercial signs has been sustained in so many jurisdictions that it would be a waste of time and effort to cite the cases. Such regulations have been upheld upon many grounds, including the promotion of traffic safety, the control of potentially hazardous structures, and the fundamental considerations of city planning and city beautification that underlie the zoning concept itself.
280 Ark. at 416, quoting Board of Adjustment of Fayetteville v. Osage Oil Transportation, 258 Ark. 91, 92, 522 S.W.2d 836 (1975).
The court in Osage Oil Transportation, supra, stated:
 The outdoor advertising sign . . . is not maintainable as a matter of right; such signs have been prohibited altogether. See the extended discussion in General Outdoor Advertising Co. v. Dept. of Public Works, 289 Mass. 149, 193 N.E. 799 (1935).
258 Ark. at 94.
It thus seems clear that the city's statutory power to exercise zoning authority within its extraterritorial jurisdiction (A.C.A. § 14-56-413,supra at n. 1) forms the general basis for prohibiting billboards. The absence of a state law specifically allowing cities to prohibit outdoor advertising signs is thus not dispositive of your question. The enforceability of the particular zoning action prohibiting the billboard will of course require a case-by-case determination. With regard to judicial review of zoning ordinances, it should be noted that such legislative enactments are presumed reasonable and the burden will be on the challenger to prove that the city acted arbitrarily, capriciously, or unreasonably. See generally City of Lowell v. M N Mobile Home Park,323 Ark. 332, 916 S.W.2d 95 (1996); City of Little Rock v. Breeding,273 Ark. 437, 619 S.W.2d 664 (1981).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] I assume that your question pertains to a city having a population of 8,000 or more and situated on a navigable stream, as the authority to administer and enforce zoning ordinances outside the corporate boundaries is limited to such cities. See A.C.A. § 14-56-413 (Supp. 1997) and Op. Att'y Gen. 91-340.
[2] I also assume that this is not a state highway, and that your question thus does not implicate the Arkansas Highway Beautification Act (A.C.A. § 27-74-101 et seq.), and the State Highway Commission's authority thereunder. See generally Files v. Ark. State Hwy Transp.Dept., 325 Ark. 291, 925 S.W.2d 404 (1996). Consideration should perhaps also be given to the county court's jurisdiction over public roads in the county. See Ark. Const. art. 7, § 28 and generally Yates v. Sturgis,311 Ark. 618, 846 S.W.2d 633 (1993). Because you have not suggested, however, that any conflict exists between the county and city in this regard, there is no need for further discussion on this point.