[No. 36231.   Department One.   February 7, 1963.]

THE STATE OF WASHINGTON, *Respondent,* v. STEFAN A. THOMASSON, *Appellant.*[*]

*Monheimer, Schermer, Van Fredenberg & Smith,* for appellant.

*Charles O. Carroll* and *Lewis Guterson,* for respondent.

[*]Reported in 378 P. (2d) 441.

Appellant was convicted of operating a wrecking yard on his property between January 1, 1960, and March 31, 1960, in violation of King County zoning resolution No. 18844 which classified appellant's property as residential.

In July of 1958, the Superior Court of King County held unconstitutional the then existing King County zoning resolution. In September of 1958, the board of county commissioners of King County adopted resolution No. 18844 which established certain property classifications for use in the county. While this resolution referred to and purported to adopt a district zoning map which applied the property classifications to specific parcels of land, such map was not of record and available to the public until December 5, 1958. Resolution No. 18844 provided that nonconforming uses existing on August 12, 1958, would be recognized, but those coming into existence after that date would be in violation of the law.

In October of 1958, appellant obtained a state permit to operate a wrecking yard on his premises and in that month began full-scale operations.

It is not disputed that county zoning authority is derived from Laws of 1935, chapter 44 (RCW 35.63.010-120), which is the enabling act.

RCW 35.63.100 says, in part:

" . . .

"Before the recommendation of the initial plan to the municipality the commission shall hold at least one public hearing thereon, giving notice of the time and place by one publication in a newspaper of general circulation in the municipality and in the official gazette, if any, of the municipality. A copy of the ordinance or resolution adopting or embodying such plan or any part thereof or any amendment thereto, duly certified as a true copy by the clerk of the municipality, shall be filed with the county auditor. *A like certified copy of any map or plat referred to or adopted by the ordinance or resolution shall likewise be filed with the county auditor. The auditor shall record the ordinance or resolution and keep on file the map or plat.*" (Italics ours.)

One of the fundamental principles in connection with the enactment of zoning ordinances or resolutions is that the enabling legislation must be followed. 1 Yokley, Municipal Corporations § 157(b).

In *State ex rel. Kuphal v. Bremerton* (1962), 59 Wn. (2d) 825, 371 P. (2d) 37, this court held that an amendment to a city ordinance reclassifying certain property could not become effective until the maps referred to in the ordinance were filed. While the decision in that case was not specifically bottomed on the requirements of the enabling act, we think its reasoning controlling in the case at bar.

The purpose of the filing of the maps is to give the property owner and the officials who issue use and building permits knowledge of such restrictions as have been enacted by the legislative authority. See 1 Rathkopf, The Law of Zoning and Planning, 8-34, 8-35, chapter 8.

We are satisfied that resolution No. 18844 could not become effective insofar as the appellant's property was concerned until December 5, 1958, when the map was filed showing for the first time that the appellant's property was zoned as residential.

It is clear that the use thereof by the plaintiff as a wrecking yard beginning in October, 1958, was a lawful use, and if the zoning resolution became effective on December 5, 1958, it was, on and after that date, a lawful nonconforming use.

There remains for consideration the effect of that provision in the zoning resolution that nonconforming uses existing on August 12, 1958, would be recognized, but those coming into existence after that date would be in violation of the law.

That there are conditions under which a nonconforming use may be constitutionally terminated was explained in some detail in *State ex rel. Miller v. Cain* (1952), 40 Wn. (2d) 216, 242 P. (2d) 505.

We there pointed out that to require the immediate cessation of a nonconforming use is unconstitutional if it brings about a deprivation of property rights out of pro-

portion to the public benefit obtained therefrom. *Austin v. Older* (1938), 283 Mich. 667, 278 N. W. 727.

In *State ex rel. Miller v. Cain, supra,* and in numerous other cases, we have recognized that property owners are not without some rights in the continuance of a legitimate business on their property despite a change in zoning. *State ex rel. Ogden v. Bellevue* (1954), 45 Wn. (2d) 492, 275 P. (2d) 899. See 1 Antieau, Municipal Corporation Law § 7.07, *et seq.*

The Supreme Court of California said in *Edmonds v. County of Los Angeles* (1953), 40 Cal. (2d) 642, 651, 255 P. (2d) 772:

"The rights of users of property as those rights existed at the time of the adoption of a zoning ordinance are well recognized and have always been protected. (Yokley, Zoning Law and Practice, § 132, p. 255.) Accordingly, a provision which exempts existing nonconforming uses is ordinarily included in zoning ordinances because of the hardship and doubtful constitutionality of compelling the immediate discontinuance of nonconforming uses. (*County of San Diego v. McClurken,* 37 Cal. 2d 683, 686 [234 P. 2d 972].) . . ."

There is no contention here that the appellant's wrecking yard constitutes a nuisance. There is no attempt to test the propriety of the exercise of the police power by an evaluation of whether the benefit to the public justifies depriving the appellant of his right to continue operating a wrecking yard on his own property.

In the absence of facts establishing a nuisance or circumstances showing a condition substantially detrimental to the public health, safety, morals or welfare, zoning ordinances or resolutions which attempt to immediately abolish existing nonconforming uses are unconstitutional insofar as they deprive individuals of vested rights without due process of law. United States Constitution, amendment 14, § 1. *State ex rel. Modern Lbr. & Millwork Co. v. Mac-Duff,* 161 Wash. 600, 297 Pac. 733; *State ex rel. Warner v: Hayes Inv. Corp.,* 13 Wn. (2d) 306, 125 P. (2d) 262. The weight of authority is to the same effect. Antieau, Season-

good Cases Municipal Corporations (3d ed.), 422, 423, note 9; 2 Rathkopf, The Law of Zoning and Planning, 58-1, chapter 58.

Needless to say, it is just as unconstitutional when the state seeks to accomplish the purpose of eliminating a nonconforming use by using the penal provisions of the zoning resolution to punish the nonconforming property owner.

The judgment and sentence appealed from is set aside with direction to dismiss the charge against the appellant.

HILL, FINLEY, WEAVER, and ROSELLINI, JJ.—This opinion was prepared by the late Judge Harry Ellsworth Foster. With some changes as to form, it is adopted by the other judges of Department One as the opinion of the court.