## Ammon R. Smith Auto Co. Appeal.

Argued May 24, 1966. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Emanuel A. Cassimatis,* with him *Stock and Leader,* for appellant.

*Harry C. Elsesser, Jr.,* for appellee.

OPINION BY MR. CHIEF JUSTICE BELL, November 15, 1966:

This is an appeal from the Order of the Court of Common Pleas affirming the decision of the West Manchester Township Zoning Board of Adjustment which sustained an Ordinance prohibiting, under circumstances hereinafter set forth, flashing and intermittent lights on signs.

Ammon R. Smith Auto Company, appellant, is a corporation which is the owner and occupant of premises 925 Carlisle Avenue, West Manchester Township, York County, Pennsylvania. Appellant acquired the property in 1954 and is presently utilizing it as a used car lot. In November and December of 1962 appellant installed at a total cost of $1,220.05,* four electrical signs on its property. Each one of these signs is approximately 40 inches high and is in the shape of a five-pointed star. These signs are equipped with a motor driven timer which causes them to flash at repeated intervals.** The lights on the signs are in operation from dusk to about 10:00 P.M. each night except Sunday.

---

* The signs cost $798 and installation charges totaled $422.05.

** Vernon Smith, President of the appellant company, testified that the signs with the flashing device were purchased because they attract attention. He also testified that if the signs did not flash, they would be of no value to the company.

The challenged Ordinance, which became effective October 5, 1963, prohibited, pursuant to a comprehensive zoning plan, flashing and intermittent lights throughout the entire township. The Ordinance also required that nonconforming signs must be corrected within a specified short period, and provided for a penalty of a fine of not less than $50 and not more than $500 for each violation, and in default of payment of the fine, imprisonment for not more than sixty days.

The power of a municipality to order the termination of a nonconforming use (with or without amortization or payment to the owner) which existed prior to the adoption of a zoning ordinance has been the subject of much controversy and litigation. Although there is no appellate Court case in Pennsylvania which *squarely* decides this question, there is a split of authority on this issue in other states.*

The reason for this diversity of view is that the fundamental rights of an owner of land sometimes conflict with the police power, which in this field is based upon the safety of the public who drive by and are likely to be distracted by the sign.

The traditional Pennsylvania viewpoint favors the landowner, based upon the principle that *a lawful non-*

* Cf. *Jones v. City of Los Angeles*, 211 Cal. 304, 295 Pac. 14 (1930) ; *City of Los Angeles v. Gage*, 127 Cal. App. 2d 442, 274 P. 2d 34 (1954) ; *O'Connor v. Moscow*, 69 Idaho 37, 202 P. 2d 401 (1949) ; *Spurgeon v. Board of Comm'rs of Shawnee County*, 181 Kan. 1008, 317 P. 2d 798 (1957) ; *State ex rel. Dema Realty Co. v. McDonald*, 168 La. 172, 121 So. 613 (1929), cert. denied, 280 U.S. 556 (1929) ; *Grant v. Mayor & City Council of Baltimore*, 212 Md. 301, 129 A. 2d 363 (1957) ; *Adams v. Kalamazoo Ice and Fuel Co.*, 245 Mich. 261, 222 N.W. 86 (1928) ; *State v. Bruns*, 353 S.W. 2d 829 (Mo. Ct. App. 1962) ; *Harbison v. City of Buffalo*, 176 N.Y.S. 2d 598, 152 N.E. 2d 42 (Ct. App. 1958) ; *City of Akron v. Chapman*, 160 Ohio St. 382, 116 N.E. 2d 697 (1953) ; *State v. Thomasson*, 61 Wash. 2d 425, 378 P. 2d 441 (1963). See also cases cited in 42 A.L.R. 2d 1146.

*conforming use* establishes in the property owner a vested property right which runs with the land and cannot be abrogated or destroyed, unless it is a nuisance or is extinguished by eminent domain. Cf. *Eitnier v. Kreitz Corp.*, 404 Pa. 406, 412, 172 A. 2d 320. See to the same effect *Penn Township v. Yecko Bros.*, 420 Pa. 386, 390-391, 217 A. 2d 171.

The opposite conclusion, i.e., the right to limit, restrict or abolish the use of signs on one's own property, is based upon the police power when it is used to reasonably affect health or safety or morals and is not arbitrary or discriminatory; in such circumstances it is paramount to the rights of every property owner. We need not decide or even discuss this point, because the present Ordinance is governed and controlled in principle by *Norate Corp., Inc. v. Zoning Bd. of Adj.*, 417 Pa. 397, 207 A. 2d 890. In that case, this Court decided that an ordinance prohibiting an off-site advertising sign was invalid as an improper exercise of the Township's police power and pertinently said (pages 405-407) : "In this area of the law certain principles appear settled : (a) a municipality has the power to regulate signs, billboards and other advertising media provided such regulation is not unreasonable, arbitrary or discriminatory and bears a reasonable relationship to the safety, morals, health or general welfare of the community : Cusack Company v. Chicago, 242 U.S. 526, 37 S. Ct. 190; St. Louis Poster Advertising Co. v. St. Louis, 249 U.S. 269, 39 S. Ct. 274; (b) the 'unique nature of outdoor advertising and the nuisance fostered by billboards and similar outdoor structures located by persons in the business of outdoor advertising, justify the separate classification of such structures for the purposes of governmental regulations and restriction' : United Advertising Corp. v. Borough of Raritan, 11 N.J. 144, 93 A. 2d 362; National Advertising Co. v. County of Monterey, 27 Cal. Rptr. 136;. . . .

"Ordinance 394—the Sign Ordinance—purports to ban and prohibit all 'off-site' signs advertising *throughout the entire Township** without any regard to districts, size of signs or other considerations. In Bryan v. City of Chester, 212 Pa. 259, 61 A. 894, we held 'that a municipality had no power to enact an ordinance,—common to a whole city and without regard to particular conditions existing in designated, or zoned districts,—forbidding citizens to erect billboards on their own property. . .' Granted that our courts now look with more liberality upon a municipality's police power as to sign advertising than when Bryan was decided, the rationale of Bryan is apposite in determining the validity of the instant ordinance which places a blanket prohibition on all 'off-site' sign advertising in the entire municipality. Such an ordinance is too general, too broad and unreasonable.

"In our view, the instant ordinance does not attempt to regulate but to prohibit and the prohibition, without any regard for the districts set up under the zoning ordinance, extends throughout the township to all 'off-site' sign advertising. Such ordinance is patently unreasonable and invalid.

"The Sign Ordinance is invalid as an improper exercise of the Township's police power."

We therefore hold that the prohibition of all flashing signs throughout the Township is patently unreasonable, unjustifiable and invalid.

Order reversed.

---

* Italics in original Opinion.