## Shomo, et ux. *v.* Derry Borough.

Argued February 22, 1972, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*John M. Campfield,* with him *Henry E. Shaw* and *Scales & Shaw,* for appellant.

*William C. Stillwagon,* with him *Leonard R. Reeves,* for appellees.

OPINION BY JUDGE KRAMER, April 7, 1972:

This is an appeal from an Order of the Court of Common Pleas of Westmoreland County declaring as unconstitutional certain provisions of Derry Borough Ordinance No. 381 insofar as they are applicable to mobile homes.

The record indicates that the realty located at 215 Chestnut Street, Derry Borough, was owned by appellees' family since 1934. In 1965, Edward E. and Nancy L. Shomo (husband and wife) purchased the above-mentioned realty. Prior to the date of the deed of conveyance, the family home located thereon was destroyed by fire. Following the said conveyance, appellees cleared the land of the destroyed premises. The Ordinance (No. 381) in question was passed by Council on October 7, 1968. Some eight months prior to the passage of this Ordinance, appellees permitted the placement and use by a tenant of a mobile home upon the land. The mobile home remained in use upon the land until some time in the latter half of the month of April 1970. At that point the mobile home was removed from the land, leaving the land unoccupied for a week or so. On April 28, 1970, another mobile home was brought onto the land and was occupied by a tenant of the appellees. On May 15, 1970, appellees filed with the Borough Secretary an application for a written permit

allowing the occupancy of a mobile home placed upon land within the Borough limits. The application filed by the appellees was rejected by the Borough Council on May 19, 1970, for the reason that the mobile home located upon appellees' property failed to satisfy the area requirement of Ordinance No. 381.

On June 16, 1970, the appellees filed a Complaint in Equity to enjoin the enforcement of Ordinance No. 381 on the grounds that it was an arbitrary, and therefore unconstitutional exercise by Derry Borough of its police powers. Appellees further asserted that the Ordinance was discriminatory in that it prevented them from using their property as they saw fit. The lower court found that the Ordinance "by its application, although indirectly, prohibits by legislation the legitimate use of mobile homes in Derry Borough." The court further found that this prohibition by ordinance of a property owner's free use of his property cannot be sustained under the police power. Appellant filed exceptions before the lower court on March 24, 1971, and on the 14th of September, 1971, they were dismissed by the Court en banc. Appellant appealed thereafter to this Court, arguing that the Ordinance was a valid exercise of its police powers as granted by The Borough Code, Act of February 1, 1966, P. L. 1656, 53 P.S. §45101, et seq., and that the appellees had failed to meet the burden of proving the unconstitutionality of Ordinance No. 381.

Although the Borough contends that Ordinance No. 381 was passed for the purpose of "establishing certain size standards for single family dwellings," the court below properly found that the real purpose was to regulate and control the use of house trailers and mobile homes. The record discloses that the largest house trailer or mobile home rig permitted upon the public roads of the Commonwealth is 12 feet wide by 75 feet

long. However, an allowance for the trailer hitch in the amount of 36 square feet must be made in the total computation. Therefore, the largest mobile home which could be transported to the Shomos' lot, or to any lot in Derry Borough, could not exceed 864 square feet. This is less than the minimum requirements of Ordinance No. 381, as is discussed below. Section 1 of the Ordinance establishes definitions for the terms "mobile home," "house trailer," and "person." Section 2 establishes that if a mobile home or house trailer is used for living or sleeping purposes for a period exceeding thirty days in any one year, it shall be considered as a single family dwelling for all purposes of the Ordinance. Section 3 of the Ordinance sets forth minimum floor areas for one, one and a half, and two-story dwellings and specifically provides that a dwelling with "one floor without basement" contain a minimum floor area of 900 square feet. Section 4 of the Ordinance sets forth specific room size requirements, e.g., "(f) Bedroom 140 square feet." Section 4 does not state whether or not these room sizes are minimum or maximum requirements. However, the lower court determined these provisions to be minimum requirements. Section 5 provides that no such dwelling be placed or constructed upon any lot having an area of less than five thousand square feet. Sections 6, 7and 8 provide for permits. Sections 9 and 10 declare violations of this Ordinance to constitute public nuisances per se and provide for enforcement and penalties. Section 11 contains the standard severability clause in the event that some invalidity is found to be present in the Ordinance.

The Borough contends that it had the power to pass this Ordinance under Section 1202(24) of The Borough Code, 53 P.S. 46202, as amended, Section 1202(24) empowers boroughs to enact building, housing and plumbing code regulations. The appellate courts of this Com-

monwealth have held in at least two instances that municipal governments may provide by ordinance, e.g., building codes, for minimum floor areas in dwellings and buildings. *See Commonwealth v. McLaughlin,* 168 Pa. Superior Ct. 442, 78 A. 2d 880 (1951) ; *Lower Merion Township v. Gallup,* 158 Pa. Superior Ct. 572, 46 A. 2d 35 (1946). Inasmuch as Ordinance No. 381 was designed to act as a zoning-type regulation in furtherance of the Borough's right to regulate the construction of buildings and dwellings, we must first determine whether the lower court had jurisdiction sitting as a court of equity. For if there existed an adequate remedy at law, the court was without equitable jurisdiction. The question of jurisdiction is one which may be raised at any point in the proceedings, before both the trial and the appellate courts. In the event that neither party raises the question, the court on its own motion may raise and deal with the issue. *See Balazick v. Dunkard-Bobtown Municipal Authority,* 414 Pa. 182, 185, 199 A. 2d 430, 432 (1964). The Borough Code, *supra,* 53 P.S. §46010, provides for the filing of a complaint to test the legality of any ordinance. However, the statute does not provide an "adequate" remedy at law for the plaintiffs in this case. *See Harris-Walsh, Inc. v. Dickson City Borough,* 420 Pa. 259, 216 A. 2d 329 (1966). The Ordinance contains no provision for appellate procedures, and anyone desirous of contesting its validity could have judicial review only after suffering a conviction thereof. We therefore hold that no adequate remedy at law existed; consequently the lower court was within legal bounds to sit as it did, as an equity court, and to grant the relief sought.

It is axiomatic that a borough has the power, under its police powers, to enact ordinances regulating the construction of dwellings within the confines of its municipal boundaries. Anyone attempting to contest the

constitutionality of such legislation carries a heavy burden in proving the unconstitutionality of the ordinance in toto or of particular provisions thereof. In the case of *Bilbar Construction Company v. Easttown Township Board of Adjustment*, 393 Pa. 62, 70, 141 A. 2d 851, 855 (1958), our Supreme Court said:

"The rule is well established that the burden of proving clearly and unmistakably the unconstitutionality of a legislative enactment is upon the person so asserting. In Gottschall v. Campbell, 234 Pa. 347, 363, 83 A. 286, it was said,—'That one who asks to have a law declared unconstitutional takes upon himself the burden of proving beyond all doubt that it is so, has been so often declared that the principle has become axiomatic.' A legislative enactment can be declared void only when it violates the fundamental law clearly, palpably, plainly and in such manner as to leave no doubt or hesitation in the minds of the court. Sharpless v. Mayor of Philadelphia, 21 Pa. 147, 164. In Erie & North-East Railroad Company v. Casey, 26 Pa. 287, 300-301, it was recognized that 'The right of the judiciary to declare a statute void, and to arrest its execution, is one which, in the opinion of all courts, is coupled with responsibilities so grave that it is never to be exercised except in very clear cases; one department of the government is bound to presume that another has acted rightly. The party who wishes us to pronounce a law unconstitutional, takes upon himself the burden of proving, beyond all doubt, that it is so.' Hadley's Case, 336 Pa. 100, 104, 6 A. 2d 874, succinctly states as the practical effect of the rule, 'All presumptions are in favor of the constitutionality of acts and courts are not to be astute in finding or sustaining objections to them. . . .'

"The heavy burden resting upon the person asserting unconstitutionality of legislation is one of the most firmly established principles of our law: [Citing cases]."

In concert with this well-settled principle of law, we commence our review of this case, mindful of the presumption that Ordinance No. 381, coming as it does within the police powers of the Borough, is in furtherance of the public health, welfare, safety or morals of the community. We apply this presumption, however, *not* in vacuo.

Most of the cases cited by the Shomos in support of their contention that Ordinance No. 381 is unconstitutional are those involving contested zoning ordinances. The finding of the lower court that the purpose of this Ordinance was the control of land use, is indeed supported by the record. We believe that it is appropriate to utilize the zoning case law in arriving at a determination of the constitutionality of this Ordinance. We begin with the proposition that a man may use his property as he sees fit, subject to restriction (1) if he violates any provision of the state or federal constitutions, or (2) if he uses his property so as to create a nuisance, or (3) if he violates any restrictive covenant, or (4) if he violates any valid laws, including zoning ordinances. *See Lord Appeal,* 368 Pa. 121, 81 A. 2d 533 (1951). There can be little doubt that in this State, land use may be restricted for purposes of regulating density. *See Bilbar, supra,* and *Volpe Appeal,* 384 Pa. 374, 121 A. 2d 97 (1956).

This Commonwealth has seen the development of a trend in the law indicating that blanket municipality-wide prohibitions of land use for otherwise legitimate purposes will not be countenanced. Only when the municipality is able to prove that such use is detrimental to the public health, welfare, safety and morals of the community, will the ordinance be permitted. In such instances of total exclusion through legislative prohibition, the courts have seen fit to alter the earlier standards relating to burden of proof, as was set forth

in *Bilbar, supra. See Daikeler v. Zoning Board of Adjustment,* 1 Pa. Commonwealth Ct. 445, 275 A. 2d 696 (1971), *Beaver Gasoline Company v. Zoning Board of the Borough of Osborne,* 1 Pa. Commonwealth Ct. 458, 275 A. 2d 702 (1971). Mobile homes are not nuisances per se: *see Anstine v. Zoning Board of Adjustment,* 411 Pa. 33, 190 A. 2d 712 (1963). In *National Land and Investment Company v. Kohn,* 419 Pa. 504, 532, 215 A. 2d 597, 612 (1965), the Court held that a restrictive four-acre lot size requirement was an ordinance ". . . whose primary purpose is to prevent the entrance of newcomers in order to avoid future burdens, economic and otherwise, upon the administration of public services and facilities. . . ." and could not be held valid. In *Exton Quarries, Inc. v. Zoning Board of Adjustment,* 425 Pa. 43, 228 A. 2d 169 (1967), the Court struck down an ordinance prohibiting quarrying activities anywhere within the municipality. In *Ammon R. Smith Auto Company Appeal,* 423 Pa. 493, 223 A. 2d 683 (1966), the Court did not permit a municipality-wide ban on the maintenance of flashing signs. In *Norate Corporation, Inc. v. Zoning Board of Adjustment,* 417 Pa. 397, 207 A. 2d 890 (1965), the Court struck down an ordinance prohibiting all off-site advertising anywhere in the municipality. In *Girsh Appeal,* 437 Pa. 237, 245-46, 263 A. 2d 395, 399 (1970), the Court ruled that where an ordinance indicated an intention to "zone out" people through a blanket municipality-wide prohibition against the construction of apartments, such ordinance must be held to be unconstitutional. The Court there said: "This case deals with the right of people to *live on land,* a very different problem than whether appellee must allow certain industrial uses within its borders." (Emphasis added.) Lastly, we note that this Court in the case of *Daikeler v. Zoning Board of Adjustment, supra,* stated, at 454: "Where there is a total exclusion,

*no matter how it is accomplished,* the municipality must bring forward sufficient and valid reasons for the prohibition. It must further demonstrate that these reasons cannot be satisfied by thoughtful regulation short of prohibition and that the prohibition does not arbitrarily discriminate against that business. The township here has not met this burden." (Emphasis added.) The law on the subject matter of the constitutionality of regulatory ordinances and the respective burdens of proof was recently set forth by the Pennsylvania Supreme Court in the case of *Beaver Gasoline Company v. Osborne Borough,* at 445 Pa. 571, 285 A. 2d 501 (1971), heard upon appeal from an opinion of this Court at 1 Pa. Commonwealth Ct. 458 (1971). The Supreme Court stated: "Much has been written in decided cases concerning the burden of proof problem which arises when a litigant seeks to have legislation, whether by statute or ordinance, declared unconstitutional. We have long held that a challenge to the constitutionality of a zoning ordinance must overcome a presumption of its validity. National Land and I. Company v. Easttown Township Board of A., 419 Pa. 504, 215 A. 2d 597 (1965); Eller v. Board of Adjustment, 414 Pa. 1, 198 A. 2d 863 (1964); Anstine v. Zoning Board of Adjustment, 411 Pa. 33, 190 A. 2d 712 (1963). However, we have also held that a zoning ordinance which totally excludes a particular business from an entire municipality must bear a more substantial relationship to the public health, safety, morals and general welfare than an ordinance which merely confined that business to a certain area in the municipality. Exton Quarries, Inc. v. Zoning Board of Adj., 425 Pa. 43, 228 A. 2d 169 (1967); Ammon R. Smith Auto Company Appeal, 423 Pa. 493, 223 A. 2d 683 (1966); Norate Corporation, Inc. v. Zoning Board of Adjustment, 417 Pa. 397, 207 A. 2d 890 (1965). In Girsh Appeal, 437 Pa. 237, 263 A. 2d 395

(1970), we held that the constitutionality of a zoning ordinance which totally prohibits legitimate uses or fails to provide for such uses anywhere within the municipality should be regarded with particular circumspection. In light of these views, we must decide what is required of one who seeks to invalidate a zoning ordinance on the grounds of unconstitutionality in overcoming the presumption of validity." 445 Pa. at 574-575, 285 A. 2d at 503-4. Later, the Court said: "In situations involving the total prohibition of otherwise legitimate land uses, which, by common experience, appear to be as innocuous as the land use here contested [gasoline station], the applicant has met his burden of overcoming the presumption of constitutionality by showing the total ban. Thereafter, if the municipality is to sustain the validity of the ban, it must present evidence to establish the public purpose served by the regulation. It is not inconceivable, of course, that the municipality establish the validity of a total ban, but it is its responsibility to do so. In the instant case, the municipality offered no evidence to establish the validity of the regulation and has, consequently, failed to show that the regulation bears a relationship to the public health, safety, morals and general welfare." 445 Pa. at 577, 285 A. 2d at 504-5.

In this case the lower court correctly found that the intent and purpose of Ordinance No. 381 was to exclude mobile homes from the municipality. Proof of the intent and purpose is found in a disclosure made in the record that the Borough, subsequent to the passage of Ordinance No. 381, permitted the construction and occupancy of wooden and masonry structures and dwellings not meeting the area requirements of the Ordinance. The record discloses that the Borough did not present evidence to establish the public purpose served by the enactment of the Ordinance, and failed to show that the

Ordinance bears a substantial relationship to the public health, safety, morals and general welfare of the community.

We therefore affirm the Opinion and Order of the court below.

---

CONCURRING OPINION BY PRESIDENT JUDGE BOWMAN:

To broadly state, as does the majority, that the doctrine of *Beaver Gasoline Company v. Osborne Borough, et al.,* 445 Pa. 571, 285 A. 2d 501 (1971), sets forth the law on the subject of the constitutionality of regulatory ordinances and the respective burdens of proof inaccurately states the holding in that case and, at least by dicta, extends it to all regulatory ordinances enacted under the police power.

*Beaver* was pronounced within the context of a constitutional attack upon a zoning ordinance which totally excluded a legitimate business use from an entire municipality. In such cases the Supreme Court declared the presumption of constitutionality is overcome by showing of a total ban and the responsibility then falls upon the governmental body to present evidence to establish the public purpose served by the regulation.

The examples are legion in building codes, housing codes, zoning codes and a host of other statutes and ordinances enacted under the police power containing total prohibitions or bans. To require a governmental body to come forward with evidence to establish the public purpose being served in all such cases simply because they are subjected to a constitutional attack, as the majority surprisingly declares, wholly lacks support in the reasons assigned by the Supreme Court in grafting an exception to the presumption of constitutionality in zoning cases totally banning an otherwise legitimate business use.

In the instant case the lower court found on a record amply supporting its conclusion that the intent and purpose of the ordinance in question was to prohibit the use of mobile homes for residential purposes, a reason sufficient in itself for striking down the offending ordinance. I therefore concur in the result.

Judges MENCER and ROGERS join in this concurring opinion.