## In re Appeal of Euthentics, Inc.

*Lawrence F. Wood,* of *Wood, Parke & Barnes,* for appellants.

*John S. Halsted,* of *Gawthrop & Greenwood,* contra.

WAJERT, J., August 28, 1973.—Appellants have appealed from the decision of the Board of Supervisors refusing to adopt a curative amendment.

Appellants, pursuant to the provisions of The Pennsylvania Municipalities Planning Code of June 1, 1972, P. L. 238 (No. 93), 53 PS §10609.1, presented a challenge to the validity of the Zoning Ordinance of Westtown Township together with a proposed amendment. The substantive grounds for challenge alleged were that the ordinance "(1) failed to provide for institutional uses providing services required by retired and elderly persons. (2) For failure to provide for a range of residential uses corresponding to the housing requirements of the greater West Chester Area, particularly respecting the housing needs of the elderly at locations, such as ours, which are accessible to the necessary public services, and that the ordinance is arbitrary and unconstitutional (a) as prohibiting legitimate uses, and (b) as exclusionary."

After hearings, the challenge was denied and the proposed amendment was not adopted. The reasons set forth in the denial were:

"First, the Supervisors do not feel that the present Ordinance and Zoning Map are constitutionally or legally deficient for failing to provide for the particular use in question.

"Secondly, as previously indicated, the use is not within the present Comprehensive Plan and although the Supervisors have started procedures for updating

in preparation of a new Comprehensive Plan with probable revisions to the Township zoning scheme, this procedure is still in its early stages.

"Thirdly, there is some substantial question as to whether the Supervisors, should they adopt a provision and an ordinance which discriminates in favor of elderly or retired persons, should not be taken to task by those not similarly situated."

Thereafter, this timely zoning appeal was filed.

Appellants are the owners of approximately 36 acres in Westtown Township, situated on the southwest corner of Oakburne Road and Concord Road. It is presently zoned "Residential." Appellants propose to develop the site as a "retirement facility." The proposed use in general consists of the development of 15 buildings containing 230 living units particularly designed for elderly persons with common lounges, covered walkways, dining areas, an infirmary and outdoor recreational facilities for use by the tenants.

The proposed use is not permitted in this district under the present ordinance. The curative amendment proposes the establishment of an "Institution District."

The Westtown Township Zoning Ordinance, as amended, defines an "apartment as a multiple dwelling, being a building on a lot designed for and occupied exclusively as a residence for three or more families living independently of one another." This use is permitted in the commercial district when authorized by the zoning hearing board as a special exception.

The responsibility of zoning falls upon the governing body of the municipality involved and not on the courts: Cleaver v. Board of Adjustment, 414 Pa. 367 (1964). There is a presumption in favor of the validity of a municipal ordinance, and there is a heavy burden upon those who seek to overturn such ordinance.

The Pennsylvania Municipalities Planning Act, 53

PS §11010, provides, in part, that if the record includes findings of fact, they shall not be disturbed by the court if supported by substantial evidence. If the record does not include findings of fact, the court may make its own findings of fact based on the record. No additional testimony was taken by the court. The record does not include any findings of fact. Accordingly, the discussion includes those facts which are supported by the record.

The gist of appellants' argument is that the township zoning ordinance makes no provision for the proposed use and, thus, the total exclusion renders the ordinance violative of the constitutional rights of appellant. This argument presents three areas that need be discussed. They are: First, must the ordinance provide for this development in the township; second, is the proposed classification a permissible distinction; and, third, has the appellant carried his burden?

We are not satisfied, on this record, that appellant is entitled to a favorable answer on any of the three issues presented.

Ever since the matter of Exton Quarries, Inc., v. Zoning Board of Adjustment, 425 Pa. 43 (1967), and the ruling in Girsh Appeal, 437 Pa. 237 (1970), numerous attacks have been made on local zoning ordinances similar to the one presently under consideration. A close reading of Girsh Appeal, supra, and cases decided thereafter indicates that there has been a development of a trend in law indicating that blanket municipality-wide prohibitions of land use for otherwise legitimate purposes will not be countenanced. The ordinance in question neither specifically prohibits nor permits the particular use required. On the record, we find nothing which indicates that the exact proposed development could not be constructed in some other zoning district.

As set forth in Borden Appeal, 369 Pa. 517 (1952): "We cannot conceive of facilities more indispensable to an apartment dweller than quarters for his automobile which he needs in travelling to and from the apartment, and a dining room in which to eat." Nor can we find the specific proposal to be so unique as to require a district classification. The ordinance in question does not indicate an intent to "zone out" people through a blanket prohibition. The ordinance provides for multiple dwellings. We find no reasonable distinction between "multiple dwelling" and "retirement facility" requiring a separate and distinct zoning classification.

Finally, we find that appellant has not met the heavy burden imposed on him in challenging the validity of the ordinance. The burden imposed is well defined in the matter of Shomo v. Darry Borough, 5 Comm. Ct. 216, 225 (1972): " 'Much has been written in decided cases concerning the burden of proof problem which arises when a litigant seeks to have legislation, whether by statute or ordinance, declared unconstitutional. We have long held that a challenge to the constitutionality of a zoning ordinance must overcome a presumption of its validity. National Land and I. Company v. Easttown Township Board of A., 419 Pa. 504, 215 A. 2d 597 (1965); Eller v. Board of Adjustment, 414 Pa. 1, 198 A. 2d 863 (1964); Anstine v. Zoning Board of Adjustment, 411 Pa. 33, 190 A. 2d 712 (1963). However, we have also held that a zoning ordinance which totally excludes a particular business from an entire municipality must bear a more substantial relationship to the public health, safety, morals and general welfare than an ordinance which merely confined that business to a certain area in the municipality. Exton Quarries, Inc. v. Zoning Board of Adj., 425 Pa. 43, 228 A. 2d 169 (1967); Ammon R. Smith

Auto Company Appeal, 423 Pa. 493, 223 A. 2d 683 (1966); Norate Corporation, Inc., v. Zoning Board of Adjustment, 417 Pa. 397, 207 A. 2d 890 (1965). In Girsh Appeal, 437 Pa. 237, 263 A. 2d 395 (1970), we held that the constitutionality of a zoning ordinance which totally prohibits legitimate uses or fails to provide for such uses anywhere within the municipality should be regarded with particular circumspection. In light of these views, we must decide what is required of one who seeks to invalidate a zoning ordinance on the grounds of unconstitutionality in overcoming the presumption of validity,' 445 Pa. at 574-575, 285 A. 2d at 503-4. Later, the court said: 'In situations involving the total prohibition of otherwise legitimate land uses, which, by common experience, appear to be as innocuous as the land use here contested [gasoline station], the applicant has met his burden of overcoming the presumption of constitutionality by showing the total ban' ": Shomo v. Derry Borough, supra.

We cannot find on this record the total ban required to place the burden on the township to show the relationship of the regulation to public health, safety, morals and general welfare.

In substance, appellant would have us rezone the township to allow his proposed use in a district where such use is prohibited. This, we cannot do.

ORDER

And now, August 28, 1973, the appeal is denied. The decision of the Board of Supervisors of Westtown Township is affirmed.