**CITY OF SACO**

v.

**Priscilla J. TWEEDIE.**

Supreme Judicial Court of Maine.

Jan. 14, 1974.

Ronald E. Ayotte, Saco, for plaintiff.

William P. Donahue, Biddeford, for defendant.

Before DUFRESNE, C. J., and WEATHERBEE, POMEROY, WERNICK and ARCHIBALD, JJ.

ARCHIBALD, Justice.

This is an appeal from a judgment of the Superior Court enjoining the defendant from maintaining, keeping and storing a mobilehome on property which she owns, and ordering her to "forthwith remove from said premises any and all mobilehomes." The action was instituted by the City of Saco premised on the proposition that the defendant's mobilehome, being in a "C–1 Conservation District," violated the city zoning ordinance because it was in an area where such use was prohibited.

The appellant advances two arguments in attacking the judgment. Initially, she urges that the Justice below improperly placed on the defendant the burden of proving the illegality of the city ordinance. Her second contention is that "the prohibition or exclusion of mobilehomes by the City of Saco is not a legal exercise of legislative authority."

Only two witnesses testified, namely, the Saco City Clerk and the City Building Inspector. The appellant presented no independent evidence.

The appellee, through the City Clerk, introduced the zoning ordinance. The record is clear that the City Clerk had with her in court the original records of the two 1968 meetings of the City Council at which this ordinance was adopted. She likewise had original records to indicate that the ordinance as it pertains to the is-

sues of this case had never been amended. The Justice below, in a proper exercise of discretion, admitted the original ordinance as an exhibit but allowed it to be replaced on the record with a true and correct copy. Under those circumstances we are not concerned with whether the ordinance was proved in accordance with 30 M.R.S.A. § 2155,[1] since the original records were properly before the Court.

The ordinance provides that "mobilehome and trailer parks" are permitted uses in the "C–1 Conservation District." However, Article VI, § 604 of the ordinance provides:

"Mobilehomes and trailers: Mobilehomes and trailers, whether the wheels are attached or not, shall be permitted only in mobilehome and trailer parks as provided for by *separate ordinance* dealing specifically with mobilehome and trailer parks." (Emphasis supplied.)

*The separate ordinance referred to in this section was not made a part of the record.*

As the record was thus postured, the Justice below faced undisputed testimony that the defendant was occupying a mobilehome on her own property in a C–1 Conservation District and in an area which was not a mobilehome and trailer park.

◼ We said in Town of Windham v. LaPointe; 308 A.2d 286, 289 (Me.1973):

"There is a presumption in favor of the validity of an ordinance passed in pursuance of statutory authority, and every presumption is to be made in favor of the constitutionality of such an ordinance, but such presumption is not absolute. . . . The burden rests upon the party attacking the constitutionality of an ordinance, and the standard of proof is by clear and irrefragable evi-

dence that it infringes the paramount law. . . ."

*See also* Buck v. Kilgore, 298 A.2d 107 (Me.1972). The presumption of the validity surrounding the ordinance before us is a disputable mandatory presumption and dictates the legal result reached by the Justice below unless evidence has been presented which rebuts it. As we recently said in Hann v. Merrill, 305 A.2d 545, 553 (Me. 1973):

"If the mandatory presumption is not rebutted, it is the duty of the trier of the fact to accept the presumed fact as proved."

◼ The appellant introduced no evidence to indicate or even suggest that the ordinance had not been properly adopted or was otherwise invalid, and the Justice below very properly ruled that it was valid. Wright v. Michaud, 160 Me. 164, 200 A.2d 543 (1964).

◼ The appellant's second contention must be considered as a facial attack on the ordinance. She cites Derry Borough v. Shomo, 5 Pa.Cmwlth. 216, 289 A.2d 513 (1972), as supportive authority. The effect of the ordinance there in question was to exclude mobilehomes entirely from the municipality by the simple device of making the minimum square footage of single family dwellings exceed that of the largest mobilehome that could be lawfully transported on Pennsylvania highways. While recognizing that "the heavy burden resting upon the person asserting unconstitutionality of legislation is one of the most firmly established principles of our law," the Pennsylvania Court held that the proof of a total ban on the use of land for a lawful purpose meets the burden of overcoming the presumption of constitutionality and places upon the municipality the bur-

1. "§ 2155. Proof of ordinances
The submission to any court or administrative tribunal of a municipal ordinance, bylaw, order or resolve of the legislative body or municipal officers of a municipality, when such ordinance, bylaw, order or resolve has been certified over the signature of the municipal clerk, shall be prima facie proof of the validity thereof."

den of establishing the validity of such an exclusion by proof that it bears a rational relationship to the public's health, safety and general welfare. Since the ordinance before us does not totally ban the use of mobilehomes in Saco but restricts them to a mobilehome or trailer park, *Derry Borough* is readily distinguishable from the instant case.

Neither are we concerned here with the holding in Town of Windham v. LaPointe, *supra*. If the specific ordinance dealing with mobilehome and trailer parks was so lacking in standards that it could be brought within the holding of that case, the appellant here (as did the appellant in Buck v. Kilgore, *supra*) should have recognized the burden cast upon her to prove the invalidity. She might even prove, for example, that such an ordinance had never been adopted, or, if adopted, that it was done so illegally. If properly adopted but lacking in standards, she was obligated to introduce the ordinance in evidence. As it was, she introduced no evidence in support of her contention and, for lack of such evidence, we must presume that the challenged ordinance is valid.

This Court is under no obligation to go behind the record in an effort to discover some reason to declare an ordinance invalid simply because an appellant has raised the issue in argument.

The entry is

Appeal denied.

WEBBER, J., sat at argument but retired before this opinion was rendered.

All Justices concurring.