## DeRose v. Penn Township Zoning Hearing Board

*Donald T. Puckett,* for appellants.

*Samuel K. Gates,* for zoning hearing board.

BUCKINGHAM, J., May 10, 1974.—Appellants applied to the Penn Township Zoning Hearing Board for a use variance to install a mobile home park on property located in an R-40-Conservation District. Their application was refused and they have appealed to this court.

Under section 617.1 of the Penn Township Zoning Ordinance, mobile home parks are permitted in any district where mobile homes are permitted as a special exception. The township is divided into 10 zoning districts by the ordinance. However, mobile homes are not permitted in any of them either by right or by special exception. Thus, mobile homes and mobile home parks are effectively excluded from the entire township by the zoning ordinance. The ordinance is, therefore, unconstitutional in this regard: Beaver Gasoline Company v. Osborne Borough, 445 Pa. 571 (1971); Girsh Appeal, 437 Pa. 237 (1970); Exton Quarries, Inc. v. Zoning Board of Adjustment, 425 Pa. 43 (1967); Ammon R. Smith Auto Co. Appeal, 423 Pa. 493 (1966); Norate Corporation, Inc. v. Zoning Board of Adjustment, 417 Pa. 397 (1965); Hodge v. Zoning Hearing Board of West Bradford Township, 11 Comm. Ct. 311 (1974); Shomo v. Derry Borough, 5 Comm. Ct. 216 (1972).

It is true that zoning ordinances are presumed to be constitutional, but where there is a total municipality-wide prohibition of an activity which, on its face, does not give rise to an indication of the protection of a legitimate public interest controllable by zoning laws, an applicant for a zoning permit has met his burden by showing the total prohibition and the municipality must then establish the legitimacy of the prohibition

by evidence establishing what public interest is sought to be protected: Beaver, supra.

In Beaver, the Supreme Court remanded the case to the board to give the borough an opportunity to produce evidence to establish the validity of its total prohibition of gasoline service stations by showing that such regulation bears a relationship to the public health, safety, morals and general welfare. However, the only reason the court did this was because its decision in the case radically changed existing law on the burden of proof of sustaining a zoning ordinance, and the court felt that the board, in not producing such evidence at the hearing, believed it safe to rely on the presumption of validity. However, Beaver was filed on December 29, 1971, and Penn Township is presumed to have had knowledge of it. We, therefore, hold that the township has waived its right to a remand for that purpose.

The other problem in the case is the informality with which the Penn Township Zoning Hearing Board conducted these proceedings. The township has no forms upon which to apply for a variance, even though section 804 of the zoning ordinance requires an application for a variance to be in writing to the board on a form specified for such purpose. At the hearing, no stenographic notes of the evidence were taken and, accordingly, there is no transcript of the evidence as mandated by the Municipalities Planning Code of July 31, 1968, P. L. 805, 53 PS §10908(7). See also Schelley v. Zoning Board of Adjustment, 8 Comm. Ct. 169 (1973). Moreover, the board, in refusing the application, made no findings of fact and conclusions as required by the Municipalities Planning Code, 53 PS 10908(9). Ordinarily the case should be remanded to the board to correct these flaws in the record: Mill-Bridge Realty, Inc. v. Zoning Board of Adjustment,

4 Comm. Ct. 157 (1972); Schelley v. Zoning Board of Adjustment, supra; McClellan et ux. v. Zoning Hearing Board, 8 Comm. Ct. 537 (1973); Lando et ux. v. Zoning Board of Adjustment, 4 Comm. Ct. 312 (1972). Nevertheless, we have some discretion in this connection: Zoning Hearing Board v. Konyk, 5 Comm. Ct. 466 (1972). We, therefore, are going to reverse the board's decision in this case without a remand pursuant to the authority of Girsh Appeal, supra. There, an applicant applied for a building permit to construct some apartment houses in an R-1 Residential Zone which was refused because multiple dwellings were not allowed in such a zone by the zoning ordinance. *Appellant applied to the zoning board of adjustment for a building permit and announced that he would attack the constitutionality of the zoning ordinance in lieu of seeking a variance.* The zoning board of adjustment sustained the ordinance and refused the building permit and the lower court affirmed. On appeal to the Supreme Court, the court held the ordinance unconstitutional because it totally prohibited apartments from the entire township and reversed the order of the court of common pleas. From this, it can easily be seen that where the zoning ordinance is unconstitutional because of a total exclusion of a lawful activity, a property owner may attack the ordinance and secure a building permit without the necessity of filing for a variance.

Even Penn Township agrees that mobile home parks are lawful activities. Under these circumstances, we hold that appellants here need not pursue their application for a variance but may, if they have not already done so, apply to the proper township authority for a building permit which must be granted to them. Of course, it goes without saying that in making such application appellants must comply

with all appropriate sections of the zoning ordinance and all other applicable existing ordinances. In view of the foregoing, we enter the following

## ORDER

And now, to wit, May 10, 1974, the order of the Penn Township Zoning Hearing Board is reversed and said board is ordered to approve, upon filing, appellants' application for a building permit in consonance with this opinion.

An exception is granted to the board.