William G. Carpenter and Sue Carpenter, his wife, Appellants, *v.* New Hanover Township Zoning Hearing Board, Appellee.

Argued October 10, 1974, before Judges Mencer, Rogers and Blatt, sitting as a panel of three.

*Sherwood L. Yergey,* for appellants.

*Ronald H. Reynier,* for appellee.

Opinion by Judge Rogers, November 18, 1974:

The appellants, William G. Carpenter and Sue Carpenter, his wife, desire to place a mobile home on their property in New Hanover Township, Montgomery County for use as living quarters for Mr. Carpenter's father

and stepmother. The property contains six acres and is improved by a dwelling house and a barn. It is the appellants' residence.

The existing house which is now occupied by both the younger and elder Carpenters is set back 250 feet from the road. The barn is 265 feet behind the house. The location proposed for the mobile home is between the house and the barn, about 105 feet from the house and about 100 feet from the barn.

The appellants filed an application for a zoning permit in which they asserted that the proposed placement and use of the mobile home was a permitted accessory use of their residential property. The zoning officer disapproved the application on two grounds, first, that the 12 by 60 feet mobile home intended to be placed on the property offended a township building code provision that all dwellings must contain 900 square feet of livable space and second, that the use of the mobile home as a dwelling place for the father and stepmother was not accessory to the use of the property as the appellants' residence.

At the zoning appeal board hearing, on the Carpenters' appeal, evidence was produced as to both grounds cited by the zoning officer for disapproving the application. It was shown through a mobile home salesman that the 12 by 60 feet mobile home was the most popular size, and that the largest standard size of such equipment was 12 by 75 feet. The appellant, William G. Carpenter, and his father, William A. Carpenter, testified that the latter and his wife would occupy the trailer rent free but that the elder Carpenter would, without pay, attend to the appellants' three horses, one pony and two calves, mow the lawn and perform other chores about the place. These activities, it was asserted, qualified the mobile home as "living quarters for household employees, caretakers or watchmen," a permitted accessory use under the Township Zoning Ordinance.

The Zoning Hearing Board affirmed the zoning officer's refusal of the permit, making findings concerning and discussing only the issue of whether the appellant's father would be a household employee, caretaker or watchman, within the meaning of the zoning ordinance.

On appeal, the lower court agreed with the zoning appeal board that the elder Carpenter would not in the circumstances be a household employee, caretaker or watchman, and additionally concluded, for a number of reasons, that the appellant had not sustained its burden of proving that the township's 900 square feet minimum house size regulation is unconstitutional as exclusionary.

We have carefully reviewed the record and the authorities relied on by the parties, the board and the court below, and we agree that the facts do not establish that the elder Carpenter, a retired pastor receiving a pension, if living in a mobile home on his son's property without obligation for rent or entitlement to other compensation, would be a household employee, caretaker or watchman within the meaning of the ordinance simply because he does some work about the place. The record indeed shows that the senior Carpenter, presently living in his son's house, now performs the chores upon which the appellants base their claim that living in separate quarters he would be watchman or caretaker. The evidence merely establishes that the elder Carpenters are members of the appellants' household and that the senior Carpenter's activities are, and will be, simply those which a conscientious member of a household able to do so would perform to maintain the country-style of living which the family has chosen to adopt.

Since we agree that the appellants have not sustained their claim that the use of the second dwelling as proposed would be accessory to the principal use of the

property as the appellants' residence, we will not pass definitively on the constitutional issue because it is not essential to the disposition of the case. The zoning ordinance does not permit an additional house of whatever size or type in these circumstances.

We note, however, that the building code requirement here is identical to the one struck down by us in *Shomo v. Derry Borough,* 5 Pa. Commonwealth Ct. 216, 289 A. 2d 513 (1972). There is, however, one notable difference in the facts. In a zoning district of New Hanover Township other than that in which the Carpenter property is located, mobile home camps, parks and courts are permitted uses and the township's counsel informed us at argument that mobile homes not meeting the building code standard are, and are permitted to be, located there, presumably by simply ignoring the building code requirement.[1] It is apparent that the building code standard is not, however, totally ignored since it was invoked by the zoning officer as a reason for denying the application in this case.

We further observe that the minimum allowable lot size in the zoning district in which the six acre Carpenter property is located is 50,000 square feet. Their property is therefore capable of subdivision in compliance with this standard. A subdivision is defined by Section 107(21) of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P. L. 805, *as amended,* 53 P.S. §10107(21) as the "division or subdivision of a lot, tract or parcel of land *by any means* into two or more lots . . . *for the purpose, whether immediate or future, of lease* [or] transfer of ownership . . . ." If the appellants should subdivide their land for the pur-

---

[1] It reads: "*All* buildings for dwelling purposes and all apartment units shall contain at least nine hundred (900) square feet of enclosed livable space . . . ." (Emphasis supplied.) The definitions of buildings and dwellings in the zoning ordinance clearly include mobile homes.

383

pose of leasing to Mr. Carpenter, senior, a lot conforming to zoning requirements, which by our reading of the ordinance seems to be possible, and if an application for a zoning permit for a mobile home were to be approved on the sole ground of the building code requirement, the board and courts would be confronted with a decision as to the validity of that requirement.

Order affirmed.