**STAR NORTHWEST INC.**, a Washington corporation doing business as Kenmore Lanes and 11th Frame Casino, Plaintiff–Appellant

v.

**CITY OF KENMORE**, a Washington municipal corporation; Kenmore City Council, the legislative body of the City of Kenmore, Defendants–Appellees

Star Northwest Inc., a Washington corporation doing business as Kenmore Lanes and 11th Frame Casino, Plaintiff–Appellant

v.

City of Kenmore, a Washington municipal corporation; Kenmore City Council, the legislative body of the City of Kenmore, Defendants–Appellees.

Nos. 06–35801, 06–36029.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 10, 2008.

Filed May 28, 2008.

Paul J. Dayton, Esq., Beth P. Gordie, Esq., Short Cressman & Burgess, PLLC, Seattle, WA, for Plaintiff–Appellant.

Dan Sheldon Lossing, Esq., Inslee Best Doezie & Ryder, Bellevue, WA, Jayne L. Freeman, Esq., Keating Bucklin & McCormack Inc. P.S., Seattle, WA, for Defendants–Appellees.

Before: B. FLETCHER, PAEZ, N.R. SMITH, Circuit Judges.

Plaintiff–Appellant Star Northwest ("Kenmore Lanes") operates a bowling alley, restaurant, and card room in Kenmore, King County, Washington. In No. 06–35801, Kenmore Lanes appeals the district court's grant of summary judgment to Appellees, the City of Kenmore (the "City") and the Kenmore City Council (the "Council"), in Kenmore Lanes' civil rights action challenging, on federal and state law grounds, the constitutionality of a City ordinance that banned the operation of card rooms within city limits. In No. 06–36029,

Kenmore Lanes appeals from the district court's grant of attorneys' fees in the amount of $180,552 to the City.

In challenging the district court's summary judgment ruling,[1] Kenmore Lanes argues that: 1) its card room, the 11th Frame, is a nonconforming use entitled to operate indefinitely under Kenmore Municipal Code sections 18.20.1860 and 18.75.030; 2) Kenmore Lanes has a federal constitutional right to an amortization period upon termination of its nonconforming use; 3) Kenmore Ordinance 05–0237 (the "Ordinance") violates Kenmore Lanes' substantive due process rights under Washington Constitution, Article I, section 3; and 4) Kenmore Lanes' federal Fifth Amendment takings claim is ripe for adjudication. Finally, Kenmore Lanes argues that 5) the district court erred in denying its request for discovery regarding the City Council's decisionmaking process when it enacted the Ordinance.[2] We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

■ 1. For purposes of this discussion, we assume, without deciding, that following adoption of the Ordinance, Kenmore Lanes' card room qualifies as a nonconforming use within the meaning of Municipal Code section 18.20.1860. The City, however, is not required to allow the card room to operate indefinitely, as Kenmore Lanes asserts. The text of section 18.75.030 is permissive; it states that "[o]nce created pursuant to KMC 18.20.1860, a nonconformance *may* be continued in a manner consistent with the provisions of this chapter." KMC § 18.75.030 (emphasis added). It is well established under Washington law that the City may regulate a non-conforming use

with "subsequently enacted reasonable police power regulations." *Rhod–A–Zalea & 35th, Inc. v. Snohomish County,* 136 Wash.2d 1, 959 P.2d 1024, 1029 (1998). The City is not required to allow a nonconforming use to exist indefinitely because "local governments have the authority to preserve, regulate and even, within constitutional limitations, terminate nonconforming uses." *Id.* at 1028. The district court correctly granted summary judgment on this issue.

■ 2. Washington courts have recognized a federal constitutional right, under the Fourteenth Amendment's substantive due process guarantee, to a reasonable amortization period for nonconforming uses terminated by state or local regulation. *See State v. Thomasson,* 61 Wash.2d 425, 378 P.2d 441, 443 (1963); *Rhod–A–Zalea,* 959 P.2d at 1029. Kenmore Lanes argues that it is entitled to such an amortization period for the City's termination of its card room operations. Those nonconforming uses that are not vested rights under Washington law, however, are not entitled to the benefit of an amortization period. *See Rhod–A–Zalea,* 959 P.2d at 1029. Under Washington law, a gambling license cannot create a vested right. The Washington Administrative Code provides that "the issuance of any license by the [gambling] commission shall not be construed as granting a vested right in any of the privileges so conferred." WAC § 230–04–175. We look to state law to "define and determine the range of interests that qualify for protection as property" under the Fifth and Fourteenth Amendments. *Lucas v. S.C. Coastal Council,* 505 U.S. 1003, 1030, 112 S.Ct. 2886, 120 L.Ed.2d 798

---

1. We review de novo a district court's decision to grant a motion for partial summary judgment. *Delta Savings Bank v. United States,* 265 F.3d 1017, 1021 (9th Cir.2001).

2. We review a district court's discovery rulings for abuse of discretion. *Blackburn v. United States,* 100 F.3d 1426, 1436 (9th Cir. 1996); *Hall v. Norton,* 266 F.3d 969, 977 (9th Cir.2001).

(1992). Accordingly, because Kenmore Lanes cannot, under Washington law, have a vested interest in the continued operation of its card room gambling business, it is not constitutionally entitled to an amortization period.

■ 3. Next, Kenmore Lanes argues that the Ordinance violates its substantive due process rights under Article 1, section 3 of the Washington Constitution. We disagree. Washington courts apply a three-pronged test to determine whether an ordinance violates substantive due process. *Presbytery of Seattle v. King County,* 114 Wash.2d 320, 787 P.2d 907, 912–13 (1990). Under this test, we consider whether the ordinance 1) is aimed at achieving a legitimate public purpose, 2) uses means that are reasonably necessary to achieve that purpose, and 3) is unduly oppressive on the person regulated. *Edmonds Shopping Ctr. Assoc. v. City of Edmonds,* 117 Wash.App. 344, 71 P.3d 233, 242 (2003). On this record, we agree with the district court that each of these elements weighs against a finding that the Ordinance violates Kenmore Lanes' substantive due process rights, and we conclude that dismissal of this claim was proper. *See id.* at 243; *Paradise, Inc. v. Pierce County,* 124 Wash.App. 759, 102 P.3d 173, 181 (2004).

■ 4. Kenmore Lanes next argues that the district court erred in concluding that its federal Fifth Amendment takings claim was not yet ripe for adjudication. We disagree. A federal takings claim is not ripe until the claimant has sought, and been denied, compensation through state procedures for claims of regulatory takings or inverse condemnation. *Williamson County Reg'l Planning Comm'n v. Hamilton Bank of Johnson City,* 473 U.S. 172, 194–95, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985). We have previously found Washington's mechanism for adjudicating claims of regulatory takings to be adequate and a

necessary prerequisite to a federal takings claim. *Macri v. King County,* 126 F.3d 1125, 1129 (9th Cir.1997). Here, it is undisputed that Kenmore Lanes did not take this step prior to filing the instant action in federal court.

Neither of the arguments advanced by Kenmore Lanes persuade us that its takings claim should be exempted from this requirement. While Washington courts have yet to address the impact of *Lingle v. Chevron U.S.A., Inc.,* 544 U.S. 528, 125 S.Ct. 2074, 161 L.Ed.2d 876 (2005), on federal takings analysis, it would be premature to conclude that the Washington courts will not, if presented with Kenmore Lanes' takings claim, apply the standard adopted by the Supreme Court in *Lingle.* Furthermore, the Court has solidly rejected the argument that the ripeness rule is unfair because a claimant might be collaterally estopped from litigating its federal takings claim if it pursues state court remedies, and we are bound to do the same here. *San Remo Hotel, L.P. v. City and County of San Francisco,* 545 U.S. 323, 341–48, 125 S.Ct. 2491, 162 L.Ed.2d 315 (2005).

■ 5. Finally, Kenmore Lanes challenges three discovery rulings by the district court that limited the scope of discovery regarding the Council's decisionmaking process in adopting the Ordinance because such discovery was relevant and necessary to its claims. It is well-settled, however, that inquiries into a legislator's deliberative process in reaching a particular legislative decision are, absent extraordinary circumstances, prohibited by the "deliberative process" privilege. *See City of Las Vegas v. Foley,* 747 F.2d 1294, 1297–98 (9th Cir. 1984). Our review of the record persuades us that the district court's discovery rulings were narrowly tailored to preclude Kenmore Lanes from inquiring

into the individual, subjective motivations of Council members regarding their purpose in adopting the Ordinance and did not prohibit any discovery that would have been relevant to the constitutional claims at issue in this case. Given the discretionary standard of review applicable to discovery rulings, we therefore affirm. *Blackburn*, 100 F.3d at 1436.

Kenmore Lanes also challenges the district court's award of attorneys' fees and costs to the City.[3] First, Kenmore Lanes argues that the district court erroneously interpreted the mandatory filing deadline of Federal Rule of Civil Procedure 54(d)(2). Additionally, Kenmore Lanes argues that the district court erroneously awarded fees for 1) claims on which the City did not prevail and 2) work outside the parties' attorney fee agreement, including work originating in the Office of the City Attorney and time spent responding to public records requests made under the authority of the Washington Public Disclosure Act. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse and remand.

■ Kenmore Lanes first argues that the City's motion for attorneys' fees was untimely under Rule 54(d)(2) and, as a result, the district court could not grant the City's untimely motion. We are not persuaded. Regardless of whether the motion was untimely, the district court had discretion to reach the merits of the late motion. The district court noted that the motion was filed four days after the Rule 54 deadline, and that Plaintiff was not prejudiced by the late filing. A district court has broad jurisdiction to grant attorneys' fees and costs. *Davis v. Mason County*, 927 F.2d 1473, 1487 (9th Cir.1991). On this record, we conclude that the district court did not abuse its discretion in reaching the merits of the City's motion for attorneys' fees and costs.

■ Kenmore Lanes next argues that the district court erred in failing to segregate fees relating to claims on which the City prevailed from fees relating to claims on which it did not prevail. We agree that a defendant is not a "prevailing party" with regard to claims dismissed without prejudice. *See Branson v. Nott*, 62 F.3d 287, 293 (9th Cir.1995) ("Where a complaint has been dismissed for lack of subject matter jurisdiction, the defendant has not prevailed over the plaintiff on any issue central to the merits of the litigation." (internal quotation marks and citation omitted)). We therefore conclude that the district court should not have considered the City the prevailing party with respect to Kenmore Lanes' Fifth Amendment takings claim and its state law gambling tax revenue claim for purposes of calculating attorneys' fees and costs. Accordingly, we reverse the district court's award of attorneys' fees and costs as to those two claims. We remand so that the district court may determine the amount of reasonable fees due the City for the claims on which it prevailed. *See Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir.1986) (holding that for purposes of claiming a fee award pursuant to 42 U.S.C. § 1988, "counsel bears the burden of submitting detailed time records justifying the hours claimed to have been expended.").

■ Finally, Kenmore Lanes argues that the district court erred by failing to segregate and deny fees for 1) matters originating in the office of the City Attorney and 2) public record requests made by Short, Cressman & Burgess, PLLC. We agree. The district court's order granting the City's motion reflects an award of fees

---

3. We review for abuse of discretion a district court's award of attorneys' fees, including the amount of the award. *Tutor–Saliba Corp. v.* *City of Hailey*, 452 F.3d 1055, 1059 (9th Cir. 2006).

for time spent by the City's attorneys on matters completely unrelated to the litigation between the parties. Because the City is entitled to recover fees only for its attorneys' work on claims on which the City actually prevailed, *Boeing Co. v. Sierracin Corp.*, 108 Wash.2d 38, 738 P.2d 665, 682–83 (1987), it was an abuse of discretion for the district court to award those unrelated fees to the City. On remand, the district court should review the City's billing records and should not award fees for time spent on matters unrelated to the claims on which the City was the prevailing party.

*No. 06–35801:* **AFFIRMED.**

*No. 06–36029:* **REVERSED** and **REMANDED.**

In No. 06–35801, Appellees shall recover their costs on appeal.

In No. 06–36029, Appellant shall recover its costs on appeal.