162 N.J. Super. 333 (1978)
392 A.2d 1222
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
DONALD L. MILLER, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted September 18, 1978.
Decided September 28, 1978.
*335 Before Judges PRESSLER and KING.
Mr. Arthur H. Miller, attorney for the appellant.
Mr. Robert J. Lecky, attorney for respondent.
The opinion of the court was delivered by PRESSLER, J.A.D.
Defendant appeals from his conviction by the Middlesex County Court on a trial de novo of a violation of that portion of the Borough of Milltown zoning ordinance prescribing the permitted size and content of signs erected in the various use districts of the borough. *336 The appeal is predicated on the claim of prima facie unconstitutionality of the ordinance provision, which purports to prohibit rather than merely regulate expressions of political views. We agree and accordingly reverse the conviction.
Defendant stipulates that he placed upon the front lawn of his house, located in a residential district, a sign approximately four feet by eight feet which bore the following legend: "Welcome! ! Prospective residents of Lawrence Brook Glen. This resident and others of Reva Ave. want to welcome you to this flood hazard area. Good luck! ! Information available." He further agrees that the sign violated the terms of the ordinance which prohibits all signs in residential districts except the following categories subject to the following limitations:
1. A decorative sign showing name or address of house or family, no larger than two square feet in area.
2. Signs advertising the prospective sale or rental of the premises upon which it is maintained, or signs identifying firms working at a site (one sign per firm), or indicating the future use of the site. Sale or rental signs shall be removed within one month after the sale or lease has been transacted. Other signs permitted in this paragraph shall be removed within one month after the new construction has been occupied. Maximum sign area per sign in square feet shall not exceed 15 per cent of the frontage of the lot along the street sign is to be located measured in feet.
3. A sign erected by the borough, county, state or federal government.
4. Identification signs for and signs announcing events of churches, schools, playgrounds, parks and public utiltity installations: Total area of signs shall not exceed 25 feet in area on each lot. [Milltown Zoning Ordinance, § 20-9.1(a)]
We further note that while subparagraphs (b) and (c) of Section 20-9.1 are more expansive in respect of sign content permitted in the business and industrial zones in the borough, subsection (d) (4) contains a general prohibition against signs exceeding six square feet in area unless a permit is obtained. No standards governing the issuance of such a permit are, however, stated and it is stipulated by *337 the parties that not only did defendant not have such a permit but also that had he applied for one, it would have been denied because the content of the sign violated subsection (a).
The basis of the conviction by the County Court judge was his expressed conclusion that the size limitation of subsection (d) of the ordinance could be validly applied to the sign in question since the content of the sign was not within First Amendment political free speech protection. We take a different view both as to the content of the sign, which we are persuaded was constitutionally protected, and as to the size limitation, which we are persuaded is inapplicable.
First, as a matter of construction of the ordinance, we do not regard the size limitation violation as itself justifying the conviction if the content of the sign was unconstitutionally prohibited. We base that conclusion on the apparent intent of the ordinance, as evidenced by its structure and substantive provisions, that the size limitation be applicable only to signs of expressly permitted content. We further doubt that the size limitation of subsection (d) is applicable to signs permitted in the residential district, each of the categories of which, except those erected by a governmental agency, is subject to its own maximum size limitation. We do not consider, because not raised, the validity of subsection (d) if construed to require a permit whose issuance rests upon no stated standard in order to erect a permitted-content sign in excess of six feet but within the stated specific maximum area allowed for that type of sign. In any event, our perception of the ordinance is that no political expression sign, irrespective of size, is permitted in a residential district and hence the gravamen of both the charge and the conviction was the content of the sign, not its size.
With respect to the constitutional question, the State concedes the evident proposition that a municipality is, by reason of the First Amendment, precluded from total prohibition of an individual's freedom of political expression *338 through the technique of posting a sign on his own property. Defendant, on the other hand, concedes the equally evident proposition that a municipality may control such signs by reasonable limitations, such as those relating to size and location, so long as it does not prohibit them altogether. See, e.g., Farrell v. Teaneck Tp., 126 N.J. Super. 460 (Law Div. 1974). And see as to an individual's right to communicate, by sign, "truthful and legitimate commercial information," Linmark Associates, Inc. v. Willingboro, 431 U.S. 85, 98, 97 S.Ct. 1614, 52 L.Ed.2d 155 (1977). Recognizing the constitutional mandate, the trial judge nevertheless found defendant guilty because he could not, in view of the defendant's stipulated purpose in posting the sign, conceive how the sign "can be interpreted as political in nature." The stipulation was that defendant "just felt that it was his duty as a citizen to inform prospective purchasers who were  who would be buying homes in that area where he lives. That they, in his opinion, would be buying homes in a flood hazard area. And that's the sole objective of the sign."
We cannot but surmise that the trial judge understood political expression as encompassing only political expression which directly relates to candidate selection or public issues which are the subject of an impending electoral process such as was involved in Farrell. The unjustifiable narrowness of that view is self-evident. Any such limitation is patently antithetical to the entire conceptual and historical basis of the free-speech guarantee. Political expression obviously includes any fair comment on any matter of public interest, whether or not the subject of an election campaign, whether or not embarrassing to the local governing body, and whether or not irritating to one's neighbors. The constitutionally protected right of free speech, if it extends to the dissemination of accurate commercial information, as held in Linmark, must a fortiori extend to the dissemination of noncommercial information which may be of impact not only to the disseminator but also to those to whom the information *339 is communicated. Indeed, it is that very impact which characterizes such non-commercial expression as public interest expression.
We hold, therefore, that § 20:19-1(a) of the Milltown zoning ordinance is unconstitutional in its absolute prohibition of political and public interest expression and it is unconstitutional in its application to the sign here in question. The conviction is reversed.