167 N.J. Super. 384 (1979)
400 A.2d 1204
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
J. & J. PAINTING AND J. & J. ROOFING, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Submitted December 18, 1978.
Decided March 13, 1979.
*385 Before Judges ALLCORN and BOTTER.
Mr. Barry D. Epstein, attorney for appellant (Ms. Marion V.G. Hinman on the brief).
Mr. G. Thomas Breur, attorney for respondent.
The opinion of the court was delivered by ALLCORN, P.J.A.D.
Defendants appeal their convictions of violating the zoning ordinance of the Township of Wayne.
With certain exceptions, § 211-3E of the ordinance prohibits the posting of signs in certain residential districts. Defendants, roofing and painting contractors, while performing services upon each of the three residences, posted on the front lawn of the premises a sign which in effect announced that such services were being performed by one of defendants, designating the name of that defendant. Defendants were charged with violations of the ordinance. Following convictions in the municipal court and, on appeal, in the County Court, defendants appealed to this court.
*386 Defendants challenge their convictions on the ground that the prohibition in the zoning ordinance is violative of their free speech rights and of their right to equal protection under the First and Fourteenth Amendments to the United States Constitution. Our review of the record, including the terms of the ordinance provisions in question, in light of the applicable law, convinces us that the activity proscribed does not impinge upon the constitutional protections asserted by defendants under either of the cited amendments.
The signs involved are patently commercial type signs, erected or placed in prominent view on the front lawns at residences upon which defendants are performing one or the other of their services, with the plain purpose of advertising and disseminating to neighbors and passersby, the availability of defendants for the performance of such services elsewhere. The ordinance regulation is a reasonable one and, fundamentally, simply prohibits the carrying on of a purely commercial activity in a residential zone restricted against such uses  long a valid zoning proscription. As such, it does not offend the free speech guarantees of the defendants. Compare Virginia State Bd. of Pharmacy v. Virginia Citizens Consumer Council, Inc., 425 U.S. 748, 770-771, 96 S.Ct. 1817, 48 L.Ed.2d 346 (1976); Linmark Associates, Inc. v. Willingboro, 431 U.S. 85, 97 S.Ct. 1614, 52 L.Ed.2d 155 (1977); American Future Systems v. Pennsylvania State Univ., 464 F. Supp. 1252 (M.D. Pa. 1979). The particular prohibition is a reasonable "place" regulation and leaves unaffected all other means to defendants to advertise their business services  newspapers, telephone directories, radio and electronic media, displays on the trucks and vehicles employed in the businesses  and, of course, should any neighbor or passerby be singularly impressed by the work that he has observed being performed, there is nothing to bar him from making inquiry of the occupants of the residence upon which the work is being or has been performed. The regulation itself serves legitimate municipal zoning functions in the protection of real estate values and considerations *387 of esthetics. United Advertising Corp. v. Raritan, 11 N.J. 144, 152 (1952); United Advertising Corp. v. Metuchen, 42 N.J. 1, 6 (1964); Cromwell v. Ferrier, 19 N.Y.2d 263, 279 N.Y.S.2d 22, 225 N.E.2d 749 (Ct. App. 1967). See, generally, Annotation, "Validity and construction of state or local regulation prohibiting off-premises advertising structures," 81 A.L.R.3d 486, 511-514 (1977).
Neither do we find any intrusion upon the equal protection rights of the defendants by virtue of the exceptions to the sign prohibition contained in the ordinance  e.g., temporary political signs, "for sale" signs, and the like  all of which in our judgment are founded upon rational and reasonable bases clearly justifying the difference of treatment. Linmark Associates, Inc. v. Willingboro, 431 U.S. 85, 97 S.Ct. 1614, 52 L.Ed.2d 155 (1977); United Advertising Corp. v. Raritan, 11 N.J. 144 (1952); State v. Miller, 162 N.J. Super. 333 (App. Div. 1978); Berg Agency v. Maplewood Tp., 163 N.J. Super. 542 (Law Div. 1978).
We perceive no merit to any of the other contentions of the defendants.
Accordingly, the judgments of the Passaic County Court are affirmed.