Herbert HATFIELD et ux *v.* CITY
OF FAYETTEVILLE, Arkansas

82-250                                                          647 S.W.2d 450

Supreme Court of Arkansas
Opinion delivered March 14, 1983

*Murphy & Carlisle,* for appellants.

*James N. McCord,* City, Atty., for appellee.

RICHARD B. ADKISSON, Chief Justice. The appellants own real property, zoned commercial, at 240 North College in the City of Fayetteville. In 1960, at a cost of $3,000.00 the appellants installed on-site free-standing signs to advertise the retail automobile dealership operated by them at that location.

When installed, the appellants' signs complied with all applicable city ordinances. On December 19, 1972, a comprehensive sign ordinance (Ordinance No. 1893) was adopted by the Fayetteville Board of Directors. The signs owned by the appellants do not conform to the size restrictions and setback requirements prescribed by Ordinance No. 1893.

An amortization schedule contained in § 17B-5 (A) (1) (C) of the Fayetteville Sign Ordinance requires alteration or removal of all on-site nonconforming signs within seven years from the effective date (January 19, 1973) thereof. Ordinance No. 1893 provides for no type of compensation for owners of pre-existing, nonconforming signs, other than the granting of a period of seven years from the effective date in which to amortize their investment. The owners are also responsible for all removal costs. The appellants refused to alter or remove the nonconforming sign at 240 North College and this action was brought by the City of Fayetteville seeking an injunction against continued noncompliance.

The case was submitted to the trial court under stipulated facts and exhibits. On July 12, 1982, the Washington County Chancery Court ruled that § 17B-5 (A) (1) is constitutional on its face and as applied to the appellants. The court found that the appellants had failed to prove by a preponderance of the evidence that application of said Section to them would be unreasonable. The court based its decision on evidence of the original cost of the appellants' signs, the signs' age, the cost of removal, and the extent of depreciation for Federal Income Tax purposes. The court noted the absence of evidence to show damage to the real property, extent of business losses, or remaining economic life of appellants' signs.

The appellants were ordered to remove the signs within 30 days and the appellee authorized, upon the appellants' failure to do so, to remove the sign at the expense of the appellants.

Appellants argue on appeal that the Fayetteville Sign Ordinance is unconstitutional on its face and if not it is unconstitutional as applied to appellants. This Court resolved the issues raised here in the case of *City of Fayetteville* v. *McIlroy Bank & Trust Company, et al.* 278 Ark. 500, 647 S.W.2d 439 (1983). There we upheld Ordinance No. 1893 as constitutional on its face and held that it was constitutional as applied under the same basic facts as are contained in this case; therefore, that case is controlling here.

Affirmed.

HOLT and PURTLE, JJ., concur.

FRANK HOLT, Justice, concurring. I would affirm based on the undisputed evidence that the sign in question adversely affects the safety of the traveling public. In *City of Fayetteville* v. *S & H, Inc.,* 261 Ark. 148, 547 S.W.2d 94 (1977), we recognized that the city, through its police power, may validly require the removal of a sign where it is inimical to traffic safety. See also *Fayetteville Bd. of Adj.* v. *Osage Oil,* 258 Ark. 91, 522 S.W.2d 836 (1975).

PURTLE, J., joins in this concurrence.