FISHER BUICK, INC. *v.* CITY OF FAYETTEVILLE

85-11                                                   689 S.W.2d 350

Supreme Court of Arkansas
Opinion delivered May 13, 1985

*Smith & Smith*, by: *Raymond C. Smith*, for appellant.

*James N. McCord*, City Attorney, for appellee.

ROBERT H. DUDLEY, Justice. This is another in the continuing series of cases involving the Fayetteville ordinance regulating signs and billboards. Appellant, Fisher Buick, Inc., leases three signs from the GM-DI Leasing Corporation. The signs exceed the size restrictions or fail to meet the setback restrictions prescribed by Section 17B-9(c) of Ordinance No. 1893, the City's comprehensive sign ordinance. It became effective on January 19, 1973, and requires that on-site, nonconforming signs be removed or altered to conform by January 19, 1980. The original 10 year term of Fisher's lease on the sign ended in 1981 but, after the period of amortization was over, Fisher and the lessor mutually agreed to make the term 15 years, or until 1986. Fisher applied to the City for a variance to maintain the three signs, but it was denied. Fisher appealed and the circuit court held that the exercise of police power was reasonable as applied to appellant. We affirm. Rule 29(1)(c) provides that the appeal of cases testing the constitutionality of a municipal ordinance shall be heard in this Court.

Appellant contends that Section 17B-5(A)(1) of the Fayetteville sign ordinance is an unconstitutional exercise of the police power as applied to it in particular. That section provides:

> (A) Nonconforming signs. For the purpose of this section, a nonconforming sign shall be defined as a sign existing at the effective date of this chapter (January 19, 1973) which could not be built under the terms of this chapter or under the terms of the city's zoning ordinance.
> (1) On-site, nonconforming signs. All on-site, nonconforming signs not otherwise prohibited by the provisions of this chapter shall be removed or shall be altered to conform to the provisions of this chapter (a) when the nature of the business conducted on the premises changes and the sign is changed or modified either in shape, size, or legend, or (b) when the name of the business changes and the sign is changed or modified either in shape, size, or legend, or (c) on or before January 19, 1980, whichever occurs sooner.

The test to be used in determining whether an amortization provision is constitutional as applied to a particular sign owner is the reasonableness test. *City of Fayetteville* v. *McIlroy Bank and Trust Co.*, 278 Ark. 500, 647 S.W.2d 439 (1983). This test weighs the public interest and private rights in light of the particular facts and circumstances involved. *Art Neon Co.* v. *City and County of Denver*, 488 F.2d 118, 121 (10th Cir. 1973). Some factors to consider, among others, in determining reasonableness as opposed to arbitrariness are: expected business losses, decrease in real property value, cost of removal, and original cost. *City of Fayetteville* v. *McIlroy Bank and Trust Co.*, 278 Ark. 500, 502, 647 S.W.2d 439, 440 (1983); *Hatfield* v. *City of Fayetteville*, 278 Ark. 544, 545, 647 S.W.2d 450, 451 (1983). Since the appellant is the lessee of the signs, it has no standing to complain about the unreasonableness of the loss to the lessor, and we do not consider that factor. Somewhat similarly, appellant claims no harm during the period of amortization. The appellant does claim that future conformance with the ordinance will harm him by causing as much as a 2% loss in yearly gross income. The trial court, after weighing all of the factors, held that was not unreasonable under the circumstances. We could affirm simply stating that the trial judge was not clearly erroneous in his assessment of the evidence, but we choose to set out an additional factor. In 1981, as the 10 year lease was about to end, the appellant and the appellee changed the term of the lease from 10 years to 15 years. This amounts to nothing less than executing a new 5 year lease. However, by this time the 7 year amortization period had already run. Thus, when the new lease was signed the appellant knew that the signs had already been amortized and that they were in violation of the ordinance. The appellant chose to deliberately violate the ordinance with the new lease. It cannot now be heard to complain that it will suffer unreasonable losses because it deliberately chose to violate the ordinance.

Affirmed.

HICKMAN, J., concurs because of views expressed in *City of Fayetteville* v. *S&H Inc.*, 261 Ark. 148, 547 S.W.2d 94 (1977).